# Pott *against* Oldwine.

Replevin will not lie for property seized for the non payment of a militia fine.

ERROR to the common pleas of *Schuylkill* county.

This was an action of replevin for a horse by Benjamin Pott against Jacob Oldwine.    The defence was, that the horse was seized for the non payment of a militia fine, in support of which the warrant issued by George W. Farquhar, captain of a troop of cavalry, was given in evidence.

The plaintiff, in answer to which, offered to prove, that, according to the by-laws and regulations of the said troop, he was not a member when the fine was imposed.

That no fines ever accrued from him to the company, and none were due when the warrant issued.

That no court of appeal had been been held consistently with the by-laws and laws regulating the company.

[Pott v. Oldwine.]

That the warrant given in evidence issued without authority, and contrary to the rules and regulations governing the company.

The court below (Blythe, President) was of opinion that the action could not be maintained by reason of the act of the 3d April 1799, relative to replevying goods seized in execution, &c., and therefore rejected the evidence and directed a verdict for the defendant.

*Bannan*, for plaintiff in error, cited the act of 3 April 1799, *Purd. Dig. of* 1830, 786; 17 *Serg. & Rawle* 99.

*Farquhar*, contra.

PER CURIAM.—A distress for a militia fine is certainly within the terms of the enacting clause; for it is not to be disputed that the seizing officer acts by the authority of the state. It is also within the actual meaning of it, for these fines were formerly collected by virtue of a warrant from the lieutenant of the county, charged at the enactment of the statute with the duties now performed by a brigade inspector; and his process is specified as an object of exception. At present the warrant, in the case of a delinquent volunteer, is issued, not by the brigade inspector, but by the captain of the company or troop; but it emanates not the less from the authority of the state. A doubt, however, is raised on an expression descriptive of the mischief to be remedied; which is recited, in the preamble, to be vexatious delay from improvident replevins of goods taken in execution for "fines and penalties legally incurred, and due *to the commonwealth;*" and the supposed discrepance is that here the fine is due to the troop. But it is not the less a penalty for the breach of a public duty; and it is therefore primarily due to the public. A subsequent appropriation of it would be a matter betwixt the commonwealth and its donee; and a precedent destination of it is not less so. Indeed all militia fines, instead of being paid into the public treasury, have been set apart for the expenses of the system; and the only thing peculiar to the fine of a volunteer is that it is set apart for the expenses of the company. But even fines and amercements set by the courts, as well as forfeited recognizances generally, are appropriated to the expenses of the county; and it would scarce be thought that process to collect them might be stayed by replevin. The statute is remedial, and therefore extendible to cases in equal mischief. It directs the writ to be quashed with treble costs; but that is not the only mode of enforcing its mandate. A replevin is forbidden in peremptory terms; and the summary method of disposing of it by motion, being provided for the relief of the defendant, may be waived by him. Here he has pleaded the statute specially; and the jury were accurately directed that it barred the action.

Judgment affirmed.