JANUARY TERM, 1881, No. 12.        FEBRUARY 27TH, 1882.

## Elkins *et al. versus* Griesemer.

1. An inspector of oils, appointed under the Act of May 15th, 1874, P. L. 189, is an officer " acting in his office under the authority of the State," within the provisions of the Act of April 3d, 1779 : 1 Sm., 470. And a writ of replevin, issued to recover possession of oil seized by him, is therefore irregular, erroneous, and void.

2. The proper remedy for an illegal seizure by such an inspector is an action of trespass.

Before SHARSWOOD, C. J., GORDON, PAXSON, STERRETT, and GREEN, JJ.  MERCUR and TRUNKEY, JJ., absent.

Error to the Court of Common Pleas of *Berks County*.

Replevin by William L. Elkins and William G. Warren, trading as William L. Elkins & Co., against Charles A. Z. Griesemer, to recover possession of a tank of petroleum.

The defendant filed a special plea avowing the taking, and setting up that he was appointed August 6th, 1877, by the Court of Common Pleas of Berks County, inspector of oils, etc., under the Act of May 15th, 1874 ; that he had filed his oath and bond ; and " that it was in the performance of his duties as inspector of oils, etc., as aforesaid, that he found the said tank, containing refined petroleum, in the hands of a certain firm, to wit, the firm of Miller & Kerper, a party who then and there sold oil in less quantities than one barrel ; and the said tank of refined petroleum being subjected to the fire-test, as directed in the second section of the said Act of 15th May, 1874, did not come up to the fire-test that was indicated by the mark of inspection.  Therefore the said defendant seized the said tank of refined petroleum for the purpose of selling the same for redistillation, as the said defendant was required to do under the seventh section of the Act of Assembly of 15th May, 1874, and this he, the said defendant, is ready to verify."

To this plea there was a general traverse.

Upon the trial in the Court below, before HAGENMAN, P. J., property in the plaintiffs was admitted.  They then proved the value of the oil, 4500 gallons, amounting to $310, and rested.

The defendant proved his appointment as an inspector of oil by the Court, his oath of office, the filing of his bond, and offered in evidence his commission.  He testified : " I took possession of the oil as inspector, and seized it as inspector, because it did not come up to the fire-test.  The only reason why I seized the oil was because it did not come up to the fire-test.  I seized the oil some time in January, 1879, about

[Elkins *et al. v.* Griesemer.]

the second or third. . . . The oil was in an iron tank-car, in a single tank-car; I judge about 4500 gallons in one tank."

The plaintiffs then offered to prove "that, at the time and before the bringing of this suit, they were engaged in carrying on the business of refining and selling petroleum oil in the city of Philadelphia; that, while carrying on said business, they did not sell such oil in less quantities than one barrel; and that the oil, which is the subject of this action, was in bulk in a tank containing about 4500 gallons at the time of its seizure by the defendant."

This evidence is offered for the purpose of showing that the defendant had no authority to inspect the oil in question, and that his acts in the matter were not done as inspector.

The defendant objected that the legality and regularity of seizure cannot be inquired into in this issue.

The Court overruled the offer and granted an exception.

The plaintiffs then offered to prove "that, at the time and before the bringing of this suit, they were engaged, in the city of Philadelphia, in the business of manufacturing, refining and selling petroleum oil in bulk, in quantities not less than one barrel; that the oil which was seized by the defendant was in bulk in a tank containing about 4500 gallons; that, before said oil was seized by the defendant, it was inspected in Philadelphia by a competent inspector, and the test found the oil to be 110 degrees and over; that, after the oil was replevied and returned to the possession of the plaintiffs, it was again tested with the same result; that, after its seizure, and before the writ of replevin was issued, the same oil was inspected by the defendant in his office in the city of Reading, but such inspection was made with imperfect instruments, and not in the manner directed by the act of Assembly; that, at the time of said inspection in Reading, the defendant proposed and offered to the plaintiffs that if they would pay him $25 he would release the oil, which the plaintiffs refused."

This evidence is offered to prove that the defendant had no authority to inspect the oil in question; that his acts were not done for the *bona fide* purpose of selling the oil, if under 110 degrees, for redistillation, as required by the act of Assembly.

The defendant objected that—

1. It is irrelevant.

2. The legality and regularity of seizure cannot be inquired into in this suit.

The Court overruled the offer under exceptions, and directed the jury to find a verdict for the defendant.

October 15th, 1879. Verdict for the defendant, upon which judgment was afterward entered.

The plaintiffs then took out a writ of error, assigning that the Court erred in rejecting the evidence as offered, and in directing a verdict for the defendant.

*C. H. Ruhl, J. H. Jacobs,* and *Samuel L. Young,* for plaintiffs in error.

Under the common law and the Act of 1705, replevin will lie in Pennsylvania in all cases where one man claims personal property in the possession of another: Weaver *v.* Lawrence, 1 Dallas, 156 ; Bower *v.* Tallman, 5 W. & S., 556, 561; Harlan *v.* Harlan, 3 Harris, 507.

The Act of April 3d, 1779, was passed in a time of war, and its purpose was to protect—

1. Officers having authority to execute writs of execution.

2. Officers acting under the authority of the State for the collection of the public taxes and fines and penalties due the Commonwealth.

The preamble clearly expresses the mischief to be remedied, —the issuing of writs of replevin " for goods and chattels taken in execution, and for fines and penalties legally incurred and due the Commonwealth, to the delay of public justice, and to the great vexation of the officers concerned in taking and levying the same :" Vanhorne *v.* Dorrance, 2 Dallas, 305; Mulholm *v.* Cheney, Addison, 301.

The act mentions the officers to be protected,—" sheriff, naval officer, lieutenant or sub lieutenant, of the city of Philadelphia, or of any county, constable, collector of the public taxes, or other officer, acting in their several offices under the authority of the State."

Under his appointment, under the Act of May 15th, 1874, the defendant was not a sheriff, naval officer, lieutenant, nor sub-lieutenant, constable or collector of the public taxes. This is clear. The expression in the Act of 1779, "*or the other officers acting in their several offices under the authority of the State,*" cannot apply to the defendant. He is a county officer. No goods and chattels can be taken in execution by him; he has nothing to do with the collection of public taxes or fines and penalties legally incurred and due the Commonwealth, and he does not act under the authority of the State.

No part of the fines imposed for violation of the Act of 1874 goes to the Commonwealth.

*Peter D. Wanner, Jefferson Snyder,* and *George F. Baer,* for defendant in error.

This case comes within the spirit, and is covered by the very words of the Act of 1779.

[Evans v. Leis et al.]

If the sheriff, by a writ of replevin, can take from an inspector the oil seized for sale and redistillation, the act of Assembly will afford little security to life and property from the dangers of coal oil and petroleum.

The inspector gives ample bond; the act provides for his punishment in the criminal courts for violations of the provisions of the statute. Besides, for any wrongful seizure that may be made, the aggrieved party has his remedy by a common-law action.

It is true that the money realized on the sale of the condemned goods does not go into the State treasury, but this objection was raised and disposed of by the Supreme Court in the case of Pott v. Oldwine, 7 Watts, 173: Stiles v. Griffith, 3 Yeates, 82; Zane v. Cowperthwaite, 1 Dallas, 313.

MARCH 13TH, 1882.—PER CURIAM: There can be no doubt that the defendant was an officer, " acting in his office under the authority of the State," within the provision of the Act of April 3d, 1779, 1 Sm., 470, and the writ of replevin, therefore, issued in this case, was irregular, erroneous, and void: Pott v. Oldwine, 7 Watts, 173. The plaintiff cannot set up that the seizure was illegal. His proper remedy was an action of trespass: Stiles v. Griffith, 3 Yeates, 82.

Judgment affirmed.