## McJunkin, Appellant, *v.* Mathers.

158        137
e38SC    23

*Replevin—Impounding cattle—Boroughs—Constables.*

Replevin will not lie against a constable who, in obedience to a borough ordinance, impounds cattle found straying in the streets. The constable is an officer acting under the authority of the state, within the provisions of the act of April 3, 1779, 1 Sm. L. 470.

Argued Oct. 17, 1893. Appeal, No. 118, Oct. T., 1893, by plaintiff, J. B. McJunkin, from order of C. P. Butler Co., June T., 1892, No. 92, quashing writ of replevin against John Mathers, constable. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Motion to quash writ of replevin to recover cattle seized and impounded by constable.

The facts appear by the following opinion, by HAZEN, P. J.:

" The borough of Butler is under the borough act of April 3, 1851, P. L. 320. In pursuance of said act the town council passed and the burgess duly approved, on April 3, 1887, the ordinance offered in evidence carrying into effect, in said borough, section 2, clause 9, of said act: ' To prohibit and otherwise regulate the running at large of horses, cattle, etc., and to authorize their seizure and sale for the benefit of the borough.' Defendant was, on May 31, 1892, high constable, in and for said borough, duly elected and qualified. This ordinance, in its provisions, is reasonable and for the common good and not in restraint of trade, nor imposing a burden without an apparent benefit. This ' yellow cow ' was, on May 31, 1892, running at large in the borough of Butler in violation of the provisions of said ordinance. Defendant found this ' yellow cow' running at large in the borough of Butler in violation of the provisions of said ordinance on May 31, 1892, about noon of said day, and seized and impounded her as required of him by section 2 of said ordinance. Therefore this ' yellow cow,' the property of plaintiff, at the time of replevin was in the lawful custody of defendant. There can be no doubt that the defendant was an officer ' acting in his office under the authority of the state,' within the provisions of the act of April 3, 1779, 1 Sm. L. 470, and the writ of replevin, therefore, issued in this case, was irregular, erroneous and void : Pott v. Oldwine, 7 Watts, 173. The plaintiff cannot set up that the seizure was illegal. His proper remedy was an action of trespass : Stiles v. Griffith, 3 Yeates, 82 ; Elkins v. Griesemer, 2 Penny. 52. Therefore, it follows that this motion must be sustained and this writ quashed, and defendant awarded treble costs, under the provisions of act of April 3, 1779, supra.

" And now, March 29, 1893, upon due consideration, motion

sustained and writ of replevin quashed, and treble costs awarded
to the defendant."

The ordinance provided in § 1, that " it shall not be lawful
for any person or persons to permit the following named animals
to be or run at large within the limits of the borough of But-
ler," and names cows as within the prohibited class.  Section 2
authorized the high constable to seize and impound all animals
running at large in violation of the first section.

The evidence showed that the cow had been turned out of
plaintiff's field by some one breaking open a gate without plain-
tiff's knowledge.

*Error assigned* was above order.

*James M. Galbreath, Clarence Walker* with him, for appel-
lant.—The ordinance was not violated, as plaintiff did not per-
mit his cow to run at large.  The constable was not acting
under the authority of the state.

*H. H. Goucher*, for appellee.—The case is within the provi-
sions of the act of 1779 : Flint v. Marsh, 2 W. N. 67 ; Pott v.
Oldwine, 7 Watts, 173 ; Elkins v. Griesemer, 2 Penny. 52 ;
Stiles v. Griffith, 3 Yeates, 82 ; Zane's Ex'rs v. Cowper-
thwaite, 1 Dall. 312 ; Shaw v. Levy, 17 S. & R. 99.

PER CURIAM, October 30, 1893 :

The judgment in this case is affirmed on the opinion of the
learned court below.  The constable could not be expected to
know how the cow escaped.  He found her straying in the
streets and it was his duty to impound her.  As a matter of
course he was an officer acting under the authority of the state.

Judgment affirmed.