## Kohonovich v. Freed

*Hogan & Scott,* for plaintiff; *Herbert F. Laub,* for defendant.

McCLUSKEY, J., February 5, 1934.—On October 31, 1928, John Kunsman obtained judgment for $262.50, with costs of suit, against Demetro Kohonovich before Floyd Henzelman, one of the aldermen of the City of Easton, Pa. An execution was issued on November 24, 1928, directed to one William Mostow, a constable, who made a return: "No goods were found to levy upon."

On October 24, 1931, an alias execution was issued to Lloyd W. Freed, a constable, the above-named defendant, who made a return that he had levied upon the goods of Demetro Kohonovich on October 24, 1931. What happened on this alias writ does not appear.

On October 30, 1933, another writ of execution was issued by the alderman to the above-named defendant, directing him to levy upon the goods and chattels of the said Demetro Kohonovich. In compliance with this writ, the defendant constable made a levy upon goods and chattels, the subject matter of the writ of replevin, and advertised said goods for sale on November 24, 1933. The constable failed to make return of the writ on or before November 19, 1933, and to procure another writ of execution but postponed the date of sale to December 19, 1933.

On October 31, 1933, the plaintiff, Anna Kohonovich, filed with the defendant a written claim for the goods levied upon, alleging them to be her property. The same day Demetro Kohonovich, defendant in the writ of execution, claimed $300 exemption. On December 16, 1933, an appraisement of the goods was made. On December 18, 1933, Anna Kohonovich caused the present writ of replevin to be issued to the above number and term. On December 21, 1933, the defendant presented his petition to the court, setting forth the above-stated facts and alleging that at the time the writ of replevin was issued the goods set forth in the writ of replevin were under levy and were being advertised for public sale in accordance with the·law; that the goods were at the time in the custody of the law. He asked for a rule on the plaintiff to show cause why the writ of replevin should not be quashed, the declaration filed be stricken from the record, and the defendant be permitted to proceed according to law under the execution. On the same day, the court granted a rule as prayed for.

The plaintiff filed an answer to the defendant's petition, alleging that at the time the writ of replevin was issued the lien of the constable's levy had been lost, by reason of the defendant constable's failure to sell the goods within the time prescribed by law, and that the goods mentioned in the replevin action were not in the custody of the law, and praying that the rule be discharged.

Under the facts as stated, the writ of replevin should not have been issued.

Section 2 of the Act of April 3, 1779, 1 Sm. L. 470, 12 PS §1845, provides:

"All writs of replevin granted or issued for any owner or owners of any goods or chattels, levied, seized, or taken in execution, or by distress, or otherwise, by any Sheriff, Naval Officer, Lieutenant or Sub-lieutenant of the City of Philadelphia or of any county, Constable, Collector of the public taxes, or other officer, acting in their several offices under the authority of the state, are irregular, erroneous and void; and that all such writs may and shall, at any time after the service, be quashed (upon motion) by the court to which they are returnable, the said court being ascertained of the truth of the fact, by affidavit, or otherwise."

The third section of this act provides: "the court, besides quashing the said writs, may and shall award treble costs to the defendant or defendants in such writs; and also, according to their discretion, order an attachment against any Prothonotary or Clerk, who shall make out or grant any such writ, knowing the same to be for goods or chattels taken in execution, or seized as aforesaid."

Under section 2 the plaintiff was prohibited from issuing the writ of replevin against the defendant constable. The constable was acting in his official capacity in levying upon the goods as commanded by the writ of execution. The only irregularity on the part of the constable, as alleged by the plaintiff, was that the lien of the levy expired by reason of the fact that the goods were not sold within 20 days after the levy was made: Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 18, 42 PS §834; and proper return made on the writ. But, under the authorities, the plaintiff cannot set up this irregularity as a basis for an action in replevin against the constable.

"The appropriate remedy, as is well settled, for an illegal or unauthorized act committed by an officer acting in his official capacity, is an action of trespass, unless a special remedy is given by statute:" York v. Marshall, 257 Pa. 503, 507. In Elkins et al. v. Griesemer, 2 Penny. 52, 55, the court, in a per curiam, said: "There can be no doubt that the defendant was an officer, 'acting in his office under the authority of the State,' within the provisions of the Act of April 3d, 1779, 1 Sm. 470, and the writ of replevin, therefore, issued in this case, was irregular, erroneous, and void: Pott v. Oldwine, 7 Watts, 173. The plaintiff cannot set up that the seizure was illegal. His proper remedy was an action of trespass: Stiles v. Griffith, 3 Yates, 82."

In the event that the constable sells any of the goods of the plaintiff illegally, the plaintiff has not only her remedy against the constable in trespass but can maintain an action of replevin to recover from any purchaser any property thus illegally sold. In Shaw et al. v. Levy, 17 S. & R. 99, 103, the court said: "The legislature imposed no hardship on the owner of the property. They do not divest his right, but merely prevent him from pursuing a remedy by replevin, upon the ground of public policy, the danger of delay, and of vexation to public officers. He has his remedy against the sheriff, and his replevin against the sheriff's vendee. His security is most ample, without resorting to the action of replevin."

In Taylor v. Ellis, 200 Pa. 191, 198, it was held: "The provisions of the Act of 1779 are so plain that they cannot be misunderstood and dare not be ignored; and what its purpose is can be found in the following words of Rogers, J., in Shaw v. Levy, 17 S. & R. 99: 'The motives for passing this highly beneficial act, are set forth in the preamble, by the legislature themselves, to be, to remedy an abuse which had prevailed, in granting writs of replevin, for goods and chattels taken in execution, and for fines and penalties due the commonwealth, to the delay of public justice, and to the great vexation of the officers concerned in taking or levying the same. The anxiety of the legislature to remedy the

mischief appears in the penalties they have imposed for its wilful violation. It is intended to prevent delay, and also for the security of the officer concerned in the levy. . . .' "

Therefore, it follows that the motion to quash the writ must be sustained and the defendant be awarded costs under the provisions of the Act of April 3, 1779, 1 Sm. L. 470.

And now, February 5, 1934, upon due consideration, the rule to show cause why the replevin should not be quashed is made absolute, the writ of replevin is quashed, and treble costs awarded the defendant.

From Henry D. Maxwell Easton, Pa.