## Hutchison v. Mitterling

*Samuel H. Stewart,* for plaintiff.

*Schock & Mullin,* for defendant.

HIMES, P. J., January 17, 1955.—Plaintiff instituted an action in trespass against defendant seeking to recover damages, alleging that defendant unlawfully and without legal right whatsoever entered upon plaintiff's premises, removed plaintiff's cattle and unlawfully destroyed them or converted them to the use of some person other than plaintiff.

Defendant filed preliminary objections raising a question of jurisdiction, alleging that at the time of the commission of the acts complained of defendant was chief district veterinarian of the Department of Agriculture of the Commonwealth of Pennsylvania, and that as such he was engaged in effecting the laws of the Commonwealth as the same relate to the animal industry. These averments of fact in the preliminary objections, not having been answered, must be taken as admitted in determining the question of jurisdiction: Goodrich-Amram Rule 1028(c)-2, page 124. Defendant also alleged in the third paragraph of his preliminary objections that, by virtue of the averments of fact therein, the Commonwealth is the real party in interest in this action. This is not an averment of fact, and therefore it is not to be taken as admitted.

The essence of defendant's first position is that he was an agent of the Commonwealth exercising a governmental function when he committed the acts complained of; that the action is in reality against the Commonwealth of Pennsylvania, and since the Commonwealth cannot be sued without its consent, this court has no jurisdiction.

It is true that the Commonwealth cannot be sued without its consent. However, plaintiff did not institute suit against the Commonwealth. His suit is against Ira Mitterling individually. Plaintiff seeks to recover damages from Ira Mitterling individually. He seeks nothing in this suit from the Commonwealth of Pennsylvania. A judgment in favor of plaintiff for damages against defendant would impose no liability upon the Commonwealth. A State is not liable for the negligence or malfeasance of its officers or agents, except where the legislature voluntarily assumes responsibility: Mead v. Rutter, 122 Pa. Superior Ct. 64, 69; 49 Am. Jur. 288, §76. It is believed that the recovery by a plaintiff of a money judgment against a defendant, arising out of defendant's alleged unlawful acts, could neither control the action of the Commonwealth nor subject it to liability, merely because the acts of defendant were done when he was engaged in his official duties.

The immunity of the State does not extend to its officers and agents, and as a general rule State officers and agents are personally liable in tort for unauthorized acts committed by them in the performance of official duties: 81 C. J. S. 1041, §81(c). An employe or officer of the Commonwealth is not a member of a privileged class, exempt from liability for his individual tort. An agent, officer or employe of the Commonwealth, like all others, must answer for his wrongful acts: Mead v. Rutter, supra.

Defendant contends that, in view of the failure of plaintiff to make answer to the preliminary objections, the court must conclude from the pleadings that his acts were authorized and that he committed no tort or wrongful or unlawful act. This overlooks the allegations in plaintiff's complaint to the effect that defendant acted "unlawfully and without legal right whatsoever". Further, while the failure to answer

preliminary objections raising a question of jurisdiction constitutes an admission of the averments of fact in the preliminary objections, such admissions relate exclusively to the question of jurisdiction, and not to the question of liability. Ignoring entirely the allegations in plaintiff's complaint to the effect that defendant acted "unlawfully and without legal right whatsoever", and assuming that the acts of defendant were authorized and that he committed no tort or unlawful act whatsoever, and assuming further that there could be no liability on the part of defendant, it must be remembered that the jurisdiction of the court cannot be measured in terms of liability or nonliability of a defendant. The question of liability is not at issue at this stage of the proceedings. A court may have jurisdiction over the subject matter of litigation even though the complaint be obviously demurrable as not setting forth a good cause of action. The test of jurisdiction is whether the court has power to enter upon the inquiry: Main Cleaners & Dyers, Inc., v. Columbia Super Cleaners, Inc., et al., 332 Pa. 71. Whether or not a plaintiff has averred sufficient facts in his complaint to entitle him to recover is not a matter for consideration at this time. His failure to do so would not raise a question of jurisdiction of the cause of action, which relates solely to the competency of the particular court to hear controversies of the general class to which the case presented belongs: Skelton v. Lower Merion Township, 298 Pa. 471; Welser v. Ealer, 317 Pa. 182; Sun Ship Employees Association, Inc., v. Industrial Union of Marine and Shipbuilding Washers of America, 351 Pa. 84, 88; Witney v. City of Lebanon et al., 369 Pa. 308, 85 A. 2d 106.

Can it be doubted that the court of common pleas has jurisdiction in actions of trespass to recover damages allegedly arising out of the unlawful acts of a defendant? Is the jurisdiction of the court ousted

because the acts complained of were committed by an agent or officer of the Commonwealth acting in his official capacity? York v. Marshall, 257 Pa. 503, held that the appropriate remedy of plaintiff, where the State veterinarian, acting in his official capacity, allegedly broke into his premises and removed plaintiff's cattle, was by an action of trespass. Plaintiff here has brought such an action. It is believed that there must be some forum where plaintiff is entitled to have his case adjudicated on the merits. If plaintiff has sustained a wrong by the unlawful conduct of defendant, it would be unfortunate to conclude that he is without remedy and not able to sue defendant the same as any other citizen merely because defendant was an agent or employe of the Commonwealth acting in his official capacity at the time of the commission of the alleged wrong.

If the court ignores the allegation in the complaint to the effect that defendant acted "unlawfully and without legal right whatsoever" and assumes that defendant was engaged in a lawful manner in effecting the laws of the Commonwealth at the time of the commission of the acts complained of (which assumption the court cannot make in considering the question of liability), it well may be that there can be no liability on the part of defendant, but the question of liability is not at issue at this stage of the proceedings. It is believed that the mere fact that defendant was engaged in effecting the laws of the Commonwealth of Pennsylvania as the same relate to the animal industry at the time of the commission of the acts upon which plaintiff seeks to predicate individual liability to respond in damages does not oust the *jurisdiction* of the court.

To sustain the position of defendant would require the court to declare that in a suit where damages are claimed of a defendant for acts allegedly done by him

unlawfully and without legal right when he was engaged in effecting the laws of the Commonwealth, the Commonwealth is the real party in interest and therefore the court is without jurisdiction. Can it be said that so long as an agent of the Commonwealth is engaged in effecting the laws thereof, irrespective of the unlawful manner in which he undertakes to effect those laws, or regardless of what he does in attempting to effect those laws, the court has no jurisdiction in a suit for damages against him as an individual at the instance of an injured or wronged plaintiff? It is believed that this court has jurisdiction. In reaching this conclusion, the court is not at this time in any sense adjudicating the question of liability. The conclusion reached is limited to the proposition that this court has jurisdiction to determine the question of liability.

In the case of Heiser v. Severy, 117 Mont. 105, 158, P. 2d 501, 160 A. L. R. 319 (1945), it was held that an action against the members of a State fish and game commission, the State game warden and a deputy game warden, in their official capacities, for the recovery of the possession of a gun illegally seized by the deputy warden, or in the alternative for the value of the gun, was an action ex delicto *against the State*, and therefore not maintainable in the absence of its consent. At the rehearing, the court pointed out that if plaintiff's gun was wrongfully detained by any of the individuals named, plaintiff had his right of action against the *individuals*. In the event of such a suit for damages, it was made clear that defendant could not successfully contend that the action was an action against the State. Actually, following the decision of the Montana Supreme Court in that case, plaintiff commenced an action against defendants in their individual capacity, which was terminated by the pay-

ment to plaintiff of the sum demanded in settlement. See 160 A. L. R., page 350.

An enlightening discussion concerning the broad protection given public officers for killing animals under a statute in relation to the inspection or destruction of domestic animals appears in 2 Am. Jur. 811, §161. However, no matter other than the jurisdiction of the court is now open to inquiry.

Defendant's second argument is that by virtue of the Act of May 26, 1931, P. L. 191, 12 PS §105, jurisdiction of this suit is vested exclusively in the Court of Common Pleas of Dauphin County.

The Act of May 26, 1931, P. L. 191, provides as follows:

"All actions at law or in equity by which it shall be sought to compel a State officer *to perform* or *to restrain him from performing* any official act in the execution of the laws of the Commonwealth shall be instituted in the Court of Common Pleas of Dauphin County, and, for such purpose, jurisdiction of all such actions is hereby conferred upon that Court."

This action in trespass does not seek to compel defendant or any State officer to *perform* any official act; neither does it seek to *restrain* defendant or any *State* officer from performing any official act. It seeks only one thing: to recover damages from defendant for acts plaintiff alleges defendant performed unlawfully and without any legal right. It is believed that the exclusive jurisdiction conferred upon the Common Pleas Court of Dauphin County by the Act of 1931 cannot be extended to include suits instituted solely for the recovery of damages against individuals merely because the individuals were acting as agents, employes or officers of the Commonwealth engaged in effecting the laws of the Commonwealth at the time of the commission of the alleged unlawful acts.

It is believed that this act has never been construed to mean that an action at law for the recovery of damages must be instituted in the Court of Common Pleas of Dauphin County. In every reported decision cited by counsel and in every case found by this court, where the Act of 1931 was held to confer exclusive jurisdiction in the Court of Common Pleas of Dauphin County, the action sought to compel a defendant *to perform*, or to *restrain a defendant from performing*, some act in the execution of the laws of the Commonwealth.

In the case of Downs et al. v. Lewis, Secretary of Highways, et al., 17 D. & C. 427, plaintiffs sought to *restrain* the Secretary of Highways from performing an official act in the execution of the laws of the Commonwealth. Clearly, under the Act of 1931, the Court of Common Pleas of Dauphin County had exclusive jurisdiction. In that case the County Commissioners of Bucks County and the contractor were made parties defendant, plaintiffs praying for an injunction against them from carrying out any work under a contract let by the Secretary of Highways. It is obvious that the granting of the relief sought in that case would have operated to control the action of the State by *preventing or restraining* the Secretary of Highways from constructing a section of highway.

In the case of Zaengle et al. v. Buckius, District Engineer, et al., 20 D. & C. 373, plaintiffs brought suit against C. H. Buckius, district engineer, and a construction company, seeking to restrain them from laying culverts from the south side of a highway to the north side, in front of plaintiffs' property. The court held that the real purpose of the suit was *to restrain* the Secretary of Highways from constructing a section of State highway, and that by virtue of the Act of 1931 the Court of Common Pleas of Carbon County had no jurisdiction.

In the case of Shoey et al. v. Jones, 65 D. & C. 301, cited at length in the brief of counsel for defendant, plaintiffs sought an injunction against Frank E. Jones, as agent and representative of the Department of Agriculture, *to restrain* him from performing a part of his official duties relating to the testing, establishing quarantines for, and condemning of cattle owned by plaintiffs. The court held that whether defendant was a State officer or not, the effect of the decree sought would be *to restrain the Commonwealth or its officers* from performing official duties, and that therefore the suit was within the scope of the Act of 1931, which conferred jurisdiction of all such cases in the Court of Common Pleas of Dauphin County.

In the case of Hinnershitz Cemetery Company v. Miller, 37 D. & C. 571, plaintiff instituted suit to *restrain* a contractor, employed by the Secretary of Highways, from constructing a public highway on the ground that a part of plaintiff's cemetery would be appropriated. Plaintiff contended that the Act of 1931 did not apply, alleging that he was not seeking to restrain any State officer, and that his suit was against Miller, an individual. The court held that the effect of a final decree as prayed for would be *to restrain* the Secretary of Highways, and that therefore the Act of 1931 conferred jurisdiction of such an action in the Court of Common Pleas of Dauphin County.

If the legislature had intended to confer exclusive jurisdiction in the Court of Common Pleas of Dauphin County in suits in trespass where damages are sought against individuals who were acting as representatives, agents or employes of the Commonwealth at the time of the alleged trespass, it easily could have so provided. However, the legislature saw fit to limit the effect of the act to those cases where "it shall be sought to compel a state officer *to perform* or *to restrain him from performing* any official act. . . ." There is noth-

ing in the instant case at this stage of the proceeding to establish that plaintiff seeks anything other than to recover a money judgment against defendant as an individual.

It is not the prerogative of this court to conclude that it would have been wise for the legislature to place exclusive jurisdiction in the Court of Common Pleas of Dauphin County in suits of this nature, and on that premise to proceed to interpret the Act of 1931 in order to arrive at a construction beyond the plain reading thereof.

*Decree*

Now, January 17, 1955, the preliminary objections of defendant are overruled, and defendant shall have the right to plead over within 30 days in accordance with Rule 1028(d) of the Rules of Civil Procedure.