## Donaldson v. Askey

*Murray I. Horewitz*, for plaintiff.
*Ronald J. Askey*, pro se.

COFFROTH, *P.J.*, November 13, 1979—This is a replevin action to recover from defendant a Winchester rifle alleged to belong to plaintiff, to have been seized by defendant (a District Game Protector) in connection with his prosecution of plaintiff's son and others for an alleged game law violation, and to be wrongfully retained by defendant after said prosecution was dismissed. At the request of plaintiff's counsel, we granted a rule to show cause why the rifle should not be returned, and fixed a date and time for hearing thereon at which the parties appeared and were heard on the merits.

Plaintiff's ownership of the rifle is not contested by defendant, nor does he contest the allegations that the weapon was initially seized in connection with the particular prosecution in which plaintiff's son was involved or that said prosecution was dismissed; but defendant asserts that he retains the

rifle as possible evidence in connection with his continuing investigation of another person, not involved in the preceding prosecution, and that release of the rifle now is premature. He initially contended that he was entitled to hold the rifle and to continue his investigation for the full two-year period of the statute of limitations for the suspected offense which occurred (if at all) on February 28, 1979. Upon interrogation, he stated that he could complete his investigation by February 1, 1980. Plaintiff contended that the alleged investigation was merely a pretext for harassing plaintiff because of the bad feeling which arose between the parties in the first unsuccessful prosecution of plaintiff's son.

In an action of replevin for possession of personal property, allegations and proof of plaintiff's ownership will not support recovery unless it also appears that plaintiff is entitled to immediate and exclusive possession as against defendant— plaintiff must show a better right to immediate possession of the goods than defendant has: Robinson v. Tool-O-Matic, 216 Pa. Superior Ct. 258, 263 A. 2d 914 (1970); 31 P.L.E. 323, §6; 3 Goodrich Amram 2d §1073.1(a):1, fn. 76. In this case, defendant, a law enforcement officer, credibly asserts that he had reasonable cause to believe the rifle was used in a game law violation for which the former prosecution was made, even though it was dismissed; therefore, the rifle was lawfully seized. He also credibly asserts that he has reasonable cause to believe that the rifle was used in a game law violation by another person, not involved in the prior prosecution, and that his investigation into that suspected offense is continuing; he further states that he has not been able to complete that investigation because the suspected offender has been out of the

jurisdiction and is not expected back until the end of this year or early next year, and that he will be able to complete his investigation at least by February 1, 1980.

Under these circumstances, defendant has a right of immediate possession of the rifle superior to that of plaintiff and may retain the rifle until his investigation is completed, but not later than February 1, 1980, when it shall be returned to plaintiff unless, of course, a prosecution is filed in the interim in which the rifle is needed as evidence. The general rule is that where property has been lawfully seized for evidentiary purposes, it need not be returned as long as its retention is necessary to serve the purpose of justice: Com. v. Brown, 49 D. & C. 2d 231, 234, 25 Somerset 36, 39 (1970). Nor is that right of possession in the authorities limited to prosecution of the charge in connection with which the property was seized; as we stated in Brown, supra, 49 D. & C. 2d at 235: "Once evidentiary materials are lawfully acquired, the authorities should be permitted to retain them in the custody of the law so long as needed for evidentiary purposes, on any charge in any jurisdiction."

In Brown, the materials were seized in Somerset County in connection with a Somerset County prosecution in which defendant's suppression motion was sustained, but we denied defendant's application for their return and instead turned them over to the Federal authorities for use in a Federal prosecution filed against defendant. The fact that the Federal prosecution was already filed, whereas here a second prosecution is only a possibility, is a distinction without a difference; the potential need for evidentiary purposes is present in both cases.

The general rule is that a replevin action will not lie for property in the custody of the law: 31 P.L.E.

321, §4. As that text points out, it has been held that property is exempt when an officer directs the custodian to hold it for probable use in a criminal case, citing American Writing Machine Company v. Upper Darby Loan Soc., 28 Del. Co. 78 (1938); but the text goes on to state that the exemption of property in legal custody from being replevied applies only where the property is lawfully in legal custody. In that light, an action in replevin as here used is a proper means of testing the lawfulness of defendant's custody for evidentiary purposes. See also: Com. v. Keister, 289 Pa. 225, 137 Atl. 223 (1927); York v. Marshall, 257 Pa. 503, 101 Atl. 820 (1917); Zeigle v. Shaver, 2 D. & C. 369 (1922); Jones v. Pavey, 10 Dist. 498, 49 Pitts.L.J. 18 (1901); Annotations 11 A.L.R. 681 and 13 A.L.R. 1168.*

## ORDER

Now, November 13, 1979, the rule to show cause is discharged, without prejudice to a later application for a similar rule if defendant fails to file a prosecution or return the rifle on or before February 1, 1980 consistent with the foregoing opinion. Costs on plaintiff.

---

*The right to possession of material in possession of the authorities as the result of search or seizure may be tested under Criminal Rule 324. In Frankhouser v. Harding, 3 D. & C. 3d 233, 33 Somerset 335 (1977), we transferred the replevin action to the criminal side of the court for disposition under Criminal Rule 324; we see no need for that in the instant case where we can make a final disposition on the present record.

On Pa.R.Crim.P. 324, see Com. v. Frankhouser, _____ Pa. Superior Ct. _____, 409 A. 2d 909 (1979), an appeal from this court.