# Brown *v*. Judge, Appellant.

*Replevin—Household goods — Title — Legacies — Sentimental value — Damages for detention — Evidence of value — Defendant without right to contest plaintiff's claim.*

In an action of replevin to recover possession of certain household goods, the plaintiff claimed a right of possession as executrix and sole legatee of a sister of the defendant who, in turn, derived title from another sister and a brother. The defendant made no claim of any right of ownership or possession in himself, but denied the right of the plaintiff to take, otherwise than in a representative capacity, until the estates of her decedents were settled. The lower court properly held that, since the defendant set up no claim of right in himself, he was not in position to dispute the plaintiff's right.

Where the plaintiff, in replevin, has alleged a sentimental value in some of the chattels claimed, and they have been impounded by the sheriff, the value of goods not so impounded may be proved, and the plaintiff is entitled also to recover damages for the detention of those that have been impounded.

Argued March 5, 1923. Appeal, No. 5, March T., 1923, by defendant, from judgment of C. P. Luzerne County, July T., 1919, No. 283, on verdict for plaintiff in the case of Anna M. Brown v. Thomas A. Judge. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Replevin for household goods. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for possession of the goods and $165 damages for detention and judgment thereon. Defendant appealed.

*Errors assigned* were rulings of the court upon the evidence, quoting it, and a part of the charge of the court, quoting it.

*M. J. Mulhall,* for appellant.

*S. M. R. O'Hara,* and with her *Abram Salsburg,* for appellee.

OPINION BY TREXLER, J., April 18, 1923:

Anna Brown, Mary Judge, John Judge, Thomas Judge and Kate Judge all lived together. John died and Mary was his executrix. Kate died and Mary became her administratrix. Then Mary died and left all her estate to Anna Brown. The plaintiff, Anna Brown and Thomas Judge continued to live together until the latter married. Anna then left the home intending to take the household goods with her, but Thomas refused to give them up, whereupon Anna Brown brought this suit of replevin. The defendant does not assert ownership but objects to the plaintiff getting possession of them in her own right and insists she is only entitled to the goods as executrix of Mary Judge, deceased. This is the only defense offered. The case was before this court: Brown v. Judge, 77 Pa. Superior Ct. 106. We held that the evidence would have warranted a finding by the jury that Mary Judge left no debts and that the appellee was the only person interested in the settlement of her estate. In such a case no distribution is needed and the appellee might assert her rights to the property by an action in her own name: McLean's Executors v. Wade, 53 Pa. 150. The reason we reversed the case was that the evidence offered by the plaintiff consisted of oral testimony and had to be submitted to the jury. At the present trial the appellant offered testimony showing that Mary Judge as administratrix of her sister Kate and executrix of her brother John had certain assets on hand at the time of her death and claimed that as long as these estates were not settled, Anna Brown had no right as the legatee of Mary to take this personal property as her own. The lower court very properly held that the defendant's interest in the chattels in question was too remote

to enable him to contest plaintiff's title. The plaintiff as administratrix of her decedent Mary Judge filed accounts in both the estates of John and Catherine and gave bond for the faithful administration of these trusts and any creditors or beneficiaries of these estates can look to that security if the assets are not properly accounted for. The defendant if interested in these estates could file exceptions to the accounts stated and thus have all his rights determined. He can sustain no possible loss by having these goods to which he does not claim title, given to Anna Brown who has shown title.

When the writ of replevin was issued the defendant filed a counterbond. Nearly all the goods were then impounded in the custody of the sheriff, the plaintiff having alleged a sentimental value; Act of April 14, 1905, P. L. 163. At the trial the plaintiff proved the value of a few articles which were still in the possession of the defendant and this is said to have been error. The seventh section of the Act of April 19, 1901, P. L. 88, directs that the jury shall find the value of the property. We do not see how testimony of the value is, therefore, incompetent. The impounding of some of the goods does not prevent the plaintiff from proving the value of those not impounded as long as they are part of the subject-matter of the controversy. There may be some complications arising if the plaintiff issue execution for the value of the goods. The Act of 1905 above referred to provides for the return of the goods when a sentimental value has been attached to them and they have been impounded. This, however, is a matter for the lower court in the first instance: Duncan v. Harris, 17 S. & R. 436. This is certain, that upon the verdict rendered the plaintiff can have return of the goods mentioned in the writ for which the defendant gave a claim property bond, together with damages for detention and costs.

We see no merit in the contention of the defendant that the property having been put in the sheriff's custody no damages for detention can be recovered from the de-

fendant. Plaintiff's enjoyment of the property was taken away by his refusal to deliver to her the goods to which she was entitled. If he had not denied her the right of possession, the necessity for impounding would never have arisen.

All the assignments of error are overruled and the judgment is affirmed.