## Charlick *v.* Sims & Company, Appellant.

*Assumpsit—Work and labor—Evidence—Case for jury.*

Where, in an action of assumpsit for work and labor performed under a written contract, the defense was non-performance and the plaintiff's testimony was contradicted by defendant, the trial court erred in directing a verdict for the plaintiff. In such case the issue of fact should have been submitted to the jury.

*Practice Superior Court—Failure to print evidence—Rule 55—Procedure.*

While Superior Court Rule 55 is mandatory, an appellee desiring to take advantage of appellant's failure to comply with the rule should file an appropriate petition sufficiently setting forth the omission to print and the effect on the appeal of the omitted portions of the record, so that a rule to show cause may be granted and the appellant may be given an opportunity to be heard on the subject.

Argued October 27, 1927. Appeal No. 239, October T., 1927, by defendant from order of M. C. Philadelphia County, November T., 1925, No. 1247, in the case of Samuel Charlick v. S. A. Sims & Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit for work and labor. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the plaintiff and entered judgment thereon. Defendant appealed.

*Error assigned,* among others, was the giving of binding instructions for the plaintiff.

*H. Leon Bennett,* and with him *Sterling & Willing,* for appellant.

*Edward H. Cushman,* and with him *David Ross,* for appellee.

OPINION BY LINN, J., December 14, 1927:

In this action of assumpsit for work and labor performed under a written contract, the court directed a verdict for plaintiff. The defense was non-performance. Parts of the evidence on this subject were oral and the defendant's testimony contradicted plaintiffs' in essentials. In such circumstances the jury should have been instructed to find the facts on the evidence introduced: Brown v. Judge, 77 Pa. Super Ct. 106; S. C. 80 Pa. Super. Ct. 570; Bartlett v. Rothschild, 214 Pa. 421.

Appellee's brief states that appellant has not printed all of the evidence and that Rule 55 of this court has not been complied with. While Rule 55 is mandatory, if it is desired to take advantage of the failure to comply with the rule, an appellee should file an appropriate petition sufficiently setting forth the ommission to print and the effect on the appeal of the omitted portions of the record, so that a rule to show cause may be granted and the appellant may be given an opportunity to be heard on the subject. In this case, what has been printed satisfies us that there was such contradiction of plaintiff's evidence as to require its submission to the jury.

Judgment reversed and new trial ordered.