Garnack, Appellant, *v.* McNally et al.

Argued March 19, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Nathan Routman,* for appellant.

*E. V. Buckley,* of *Service, McNeal & Buckley,* for appellees.

PER CURIAM, April 23, 1934:

Plaintiff appeals from the action of the court below in entering judgment for defendants upon an affidavit of defense in the nature of a demurrer, in an action of trespass to recover damages for personal injuries. Plaintiff, one of about thirty workmen riding on the rear platform of a truck owned by defendant Lee, was injured at the time the machine collided with an automobile belonging to defendant McNally. Suit was instituted against the owners of both cars. The accident occurred in the Borough of Sharpsville, Mercer County, on a portion of Walnut Street which was being repaired on the day in ques-

tion. The negligence of defendant Lee alleged in the statement of claim was, "(a) That the said Lee Supply Company truck was being operated in an illegal manner in that they permitted the said truck to be overloaded contrary to the acts of assembly of the State of Pennsylvania." The court below took the position that the statement of claim did not present a case in which plaintiff was free from contributory negligence, inasmuch as it averred that plaintiff's injuries resulted from his helping to overload the truck by being present thereon. No opportunity was allowed plaintiff to remedy this defect by amending his statement of claim.

Our cases, since Rhodes v. Terheyden, 272 Pa. 397, have repeatedly stated that where judgment is entered for defendant for defects appearing in the statement of claim, so far as concerns properly setting forth the cause of action, it is reversible error on the part of the lower court to refuse to allow plaintiff an opportunity to amend. See Rice v. Scranton, 311 Pa. 534; Stevens v. Smith, 310 Pa. 287, and Winters v. P. R. R., 304 Pa. 243. In the Winter's Case we said (page 247) : "The question before the court was not solely whether, under the facts as stated, plaintiff could recover, but whether the claim as stated excluded the possibility of recovering under a better statement of facts. Here it is evident that a better statement of facts could show an enforceable claim. The court should have sustained the demurrer and granted plaintiff leave to file a further statement of claim within a limited time, or, on failure, ordered judgment of non pros. to be entered. This was not a matter of discretion with the court below but a positive duty."

The same considerations apply to the case now before us and make it imperative that the record be remitted to the court below for the purposes already indicated in this opinion.

The judgment is reversed and the record remitted to the court below with instructions that plaintiff be given an opportunity to amend his statement of claim.