Yania, Appellant, *v.* Bigan.

Argued October 7, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and McBRIDE, JJ.

*Archibald M. Matthews*, for appellant.

*Taylor B. Coffroth*, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 9, 1959:

A bizarre and most unusual circumstance provides the background of this appeal.

318

On September 25, 1957 John E. Bigan was engaged in a coal strip-mining operation in Shade Township, Somerset County. On the property being stripped were large cuts or trenches created by Bigan when he removed the earthen overburden for the purpose of removing the coal underneath. One cut contained water 8 to 10 feet in depth with side walls or embankments 16 to 18 feet in height; at this cut Bigan had installed a pump to remove the water.

At approximately 4 p.m. on that date, Joseph F. Yania, the operator of another coal strip-mining operation, and one Boyd M. Ross went upon Bigan's property for the purpose of discussing a business matter with Bigan, and, while there, were asked by Bigan to aid him in starting the pump. Ross and Bigan entered the cut and stood at the point where the pump was located. Yania stood at the top of one of the cut's side walls and then jumped from the side wall—a height of 16 to 18 feet—into the water and was drowned.

Yania's widow, in her own right and on behalf of her three children, instituted wrongful death and survival actions against Bigan contending Bigan was responsible for Yania's death. Preliminary objections, in the nature of demurrers, to the complaint were filed on behalf of Bigan. The court below sustained the preliminary objections; from the entry of that order this appeal was taken.

Since Bigan has chosen to file preliminary objections, in the nature of demurrers, every material and relevant fact well pleaded in the complaint and every inference fairly deducible therefrom are to be taken as true: *Commonwealth v. Musser Forests, Inc.*, 394 Pa. 205, 209, 146 A. 2d 714; *Byers v. Ward*, 368 Pa. 416, 420, 84 A. 2d 307.

The complaint avers negligence in the following manner: (1) "The death by drowning of . . . [Yania]

was caused entirely by the acts of [Bigan] . . . in *urging, enticing taunting and inveigling* [Yania] to jump into the water, which [Bigan] knew or ought to have known was of a depth of 8 to 10 feet and dangerous to the life of anyone who would jump therein" (Emphasis supplied); (2). . . . [Bigan] violated his obligations to a business invitee in not having his premises reasonably safe, and not warning his business invitee of a dangerous condition and to the contrary urged, induced and inveigled [Yania] into a dangerous position and a dangerous act, whereby [Yania] came to his death"; (3) "After [Yania] was in the water, a highly dangerous position, having been induced and inveigled therein by [Bigan], [Bigan] failed and neglected to take reasonable steps and action to protect or assist [Yania], or extradite [Yania] from the dangerous position in which [Bigan] had placed him". Summarized, Bigan stands charged with three-fold negligence: (1) by urging, enticing, taunting and inveigling Yania to jump into the water; (2) by failing to warn Yania of a dangerous condition on the land, i.e., the cut wherein lay 8 to 10 feet of water; (3) by failing to go to Yania's rescue after he had jumped into the water.[1]

The Wrongful Death Act (Act of April 15, 1851, P. L. 669, §19, 12 PS §1601) and the Survival Act (Act of April 18, 1949, P. L. 512, art. VI, §603, 20 PS §320.603) ". . . really confer no more than rights to recover damages growing out of a single cause of action, namely, *the negligence of the defendant,* which caused the damages suffered." (Emphasis supplied): *Fisher v. Hill,* 368 Pa. 53, 58, 81 A. 2d 860. While the law presumes that Yania was not negligent, such pre-

---

[1] So far as the record is concerned we must treat the 33 year old Yania as in full possession of his mental faculties at the time he jumped.

sumption affords no basis for an inference that Bigan was negligent (*Wenhold v. O'Dea,* 338 Pa. 33, 35, 12 A. 2d 115). Our inquiry must be to ascertain whether the well-pleaded facts in the complaint, assumedly true, would, if shown, suffice to prove negligent conduct on the part of Bigan.

Appellant initially contends that Yania's descent from the high embankment into the water and the resulting death were caused "entirely" by the spoken words and blandishments of Bigan delivered at a distance from Yania. The complaint does not allege that Yania slipped or that he was pushed or that Bigan made any *physical* impact upon Yania. On the contrary, the only inference deducible from the facts alleged in the complaint is that Bigan, by the employment of cajolery and inveiglement, caused such a *mental* impact on Yania that the latter was deprived of his volition and freedom of choice and placed under a compulsion to jump into the water. Had Yania been a child of tender years or a person mentally deficient then it is conceivable that taunting and enticement could constitute actionable negligence if it resulted in harm. However to contend that such conduct directed to an adult in full possession of all his mental faculties constitutes actionable negligence is not only without precedent but completely without merit. *McGrew v. Stone,* 53 Pa. 436, *Rugart v. Keebler-Weyl Baking Co.,* 277 Pa. 408, 121 A. 198, and *Bisson v. John B. Kelly, Inc.,* 314 Pa. 99, 170 A. 139, relied upon by appellant, are clearly inapposite.

Appellant next urges that Bigan, as the possessor of the land, violated a duty owed to Yania in that his land contained a dangerous condition, i.e., the water-filled cut or trench, and he failed to warn Yania of such condition. Yania was a business visitor in that he entered upon the land for a common business pur-

pose for the mutual benefit of Bigan and himself (Restatements, Torts, §332; *Parsons et vir. v. Drake et al.,* 347 Pa. 247, 250, 32 A. 2d 27). As possessor of the land, Bigan would become subject to liability to Yania for any physical harm caused by any artificial or natural condition upon the land (1) if, but only if, Bigan knew or could have discovered the condition which, if known to him he should have realized involved an unreasonable risk of harm to Yania, (2) if Bigan had no reason to believe Yania would discover the condition or realize the risk of harm and (3) if he invited or permitted Yania to enter upon the land without exercising reasonable care to make the condition reasonably safe or give adequate warning to enable him to avoid the harm. *Schon, Admx. v. Scranton-Springbrook Water Service Co.,* 381 Pa. 148, 152, 112 A. 2d 89, and cases therein cited; *Engle v. Reider,* 366 Pa. 411, 77 A. 2d 621; *Johnson v. Rulon,* 363 Pa. 585, 70 A. 2d 325. The inapplicability of this rule of liability to the instant facts is readily apparent.

The *only* condition on Bigan's land which could possibly have contributed in any manner to Yania's death was the water-filled cut with its high embankment. Of this condition there was neither concealment nor failure to warn, but, on the contrary, the complaint specifically avers that Bigan not only requested Yania and Boyd to assist him in starting the pump to remove the water from the cut but "led" them to the cut itself. If this cut possessed any potentiality of danger, such a condition was as obvious and apparent to Yania as to Bigan, both coal strip-mine operators. Under the circumstances herein depicted Bigan could not be held liable in this respect.

Lastly, it is urged that Bigan failed to take the necessary steps to rescue Yania from the water. The mere fact that Bigan saw Yania in a position of peril

in the water imposed upon him no legal, although a moral, obligation or duty to go to his rescue unless Bigan was legally responsible, in whole or in part, for placing Yania in the perilous position: Restatement, Torts, §314. Cf: Restatement, Torts, §322. The language of this Court in *Brown v. French*, 104 Pa. 604, 607, 608, is apt: "If it appeared that the deceased, by his own carelessness, contributed in any degree to the accident which caused the loss of his life, the defendants ought not to have been held to answer for the consequences resulting from that accident. . . . He voluntarily placed himself in the way of danger, and his death was the result of his own act. . . . That his undertaking was an exceedingly reckless and dangerous one, the event proves, but there was no one to blame for it but himself. He had the right to try the experiment, obviously dangerous as it was, but then also upon him rested the consequences of that experiment, and upon no one else; he may have been, and probably was, ignorant of the risk which he was taking upon himself, or knowing it, and trusting to his own skill, he may have regarded it as easily superable. But in either case, the result of his ignorance, or of his mistake, must rest with himself—and cannot be charged to the defendants". The complaint does not aver any facts which impose upon Bigan legal responsibility for placing Yania in the dangerous position in the water and, absent such legal responsibility, the law imposes on Bigan no duty of rescue.

Recognizing that the deceased Yania is entitled to the benefit of the presumption that he was exercising due care and extending to appellant the benefit of every well pleaded fact in this complaint and the fair inferences arising therefrom, yet we can reach but one conclusion: that Yania, a reasonable and prudent adult in full possession of all his mental faculties, under-

took to perform an act which he knew or should have known was attended with more or less peril and it was the performance of that act and not any conduct upon Bigan's part which caused his unfortunate death.

Order affirmed.