Robinson, Appellant, *v.* Tool-O-Matic, Inc.

Submitted November 14, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William W. Milnes,* and *Brandt, Riester, Brandt & Malone,* for appellants.

*Leonard L. Stewart,* and *Reding, Blackstone, Rea &
Sell,* for appellee.

OPINION BY SPAULDING, J., March 19, 1970:

Luther Robinson and Oil & Air Pollution Controls,
Inc., appellants, appeal from the order of the Court of
Common Pleas of Butler County, sustaining prelimi-
nary objections of Tool-O-Matic, Inc., defendant-appel-
lee, to their joint replevin petition, entering judgment
against Robinson, and dismissing Oil & Air Pollution
as party plaintiff.

In March 1968 certain chattels, consisting of ma-
chinery, materials, and equipment owned by appellant
Robinson were in the possession of appellee. Those
chattels were sold by Robinson to Oil & Air Pollution.
The terms and conditions of the contract of sale do not
appear of record. Appellee refused to release the goods
to Oil & Air Pollution, and Robinson instituted re-
plevin proceedings. His complaint, filed in May 1968,
joined Oil & Air Pollution as a party plaintiff and de-
manded delivery of the goods to Oil & Air Pollution.

Appellee filed preliminary objections to the joint
action. It argued that Robinson could not bring an
action in replevin, since he failed to show a possessory
right to the goods in himself, and that he could not
properly join Oil & Air Pollution.

To sustain a cause of action in replevin, the plaintiff
must establish his exclusive right to immediate posses-
sion of the goods in question. *Blossom Products Corpo-
ration v. National Underwear Company,* 325 Pa. 383,
191 Atl. 40 (1937) ; *International Electronics Co. v.
N.S.T. Metal Products Co., Inc.,* 370 Pa. 213, 88 A. 2d
40 (1952). Exclusive right means a right that excludes
the defendant; a better right to possess the goods than
he has. *McKee v. Ward,* 289 Pa. 414, 137 Atl. 599
(1927).

The fact that a third party has a better right to the goods than that of the plaintiff does not in itself aid the defendant. In general, a defendant may plead such a third party right, 77 C.J.S. *Replevin* §80 (1952), but two exceptions to that rule govern the instant case.[1] This Court has held that a defendant who claims no possessory right in himself may not assert a third party's right. *Brown v. Judge,* 80 Pa. Superior Ct. 570 (1923). When such a third party has consented to the plaintiff's replevin action his rights are not available to the defendant. *Ferguson v. Rafferty,* 128 Pa. 337, 18 Atl. 484 (1889).

In the instant case, appellants neither allege nor argue that Robinson has a possessory right to the chattels. They argue only that the appellee cannot avail itself of the superiority of Oil & Air Pollution's rights because appellee claims no possessory right in itself, and because Oil & Air Pollution consented to Robinson's replevin action. These arguments merely dispose of the effect of third party rights upon those of Robinson; they do not create a claim of Robinson's rights.

Since Robinson failed to state a cause of action in himself, the court below did not err in entering judgment against him. The question remains whether it was proper to do so without granting leave to amend. The court must grant leave to amend when the claim as stated does not exclude the possibility of recovery under a better statement of facts. *Garnack v. McNally,* 315 Pa. 30, 172 Atl. 102 (1934).[2] Although

---

[1] In the Pennsylvania cases citing the general rule, the "third party" right actually constitutes or suggests a right on the defendant's part. *Wilson v. Gray,* 8 Watts 25 (1839) ("third party" a partnership between plaintiff and defendant) ; *Johnson v. Groff,* 22 Pa. Superior Ct. 85 (1903) ("third party" defendant's wife) ; *Swope v. Crawford,* 16 Pa. Superior Ct. 474 (1901) ("third party" deceased codefendant and alleged coseller).

[2] The Rules of Civil Procedure are silent on this issue. *Garnack v. McNally, supra,* is cited as the law today. See, e.g., *Bailer v. Local 470, Int. T., C.W. & H.,* 400 Pa. 188, 161 A. 2d 843 (1960).

Robinson's claim did not exclude the possibility that he retained some possessory rights in the goods under the terms of the contract of sale, he neither requested leave to amend his complaint below, nor raised the lack of opportunity to amend on this appeal. He has waived the right to amend.

Once Robinson failed to show a cause of action in himself, joinder of an additional party plaintiff who might have a cause of action could not cure that defect. We do not reach the question whether joinder of Oil & Air Pollution was proper under Rules 2229 and 2232 of the Pennsylvania Rules of Civil Procedure. Since Oil & Air Pollution was dismissed as a party plaintiff without prejudice to the right to pursue its remedies, its claim of an action of replevin has not been foreclosed.

The order of the court below is affirmed.

DISSENTING OPINION BY MONTGOMERY, J.:

In my opinion, the complaint in replevin filed by the plaintiffs-appellants in this case shows that the plaintiff-appellant, Robinson, not only had title, but that he also had the right of immediate possession in accordance with the rule of *International Electronics Company v. N.S.T. Metal Products Company, Inc.,* 370 Pa. 213, 88 A. 2d 40 (1952). Although Robinson has not asked for delivery of the goods to himself in the complaint, his joinder in the demand for delivery to Oil & Air Pollution Controls, Inc., is tantamount to an assertion of his own underlying title and right to possession. That demand is consistent with the rule under the Uniform Commercial Code, Act of April 6, 1953, P. L. 3, 12A P.S. §2-401(2), which provides that, unless otherwise agreed between the vendor and vendee, title to the goods does not pass until delivery of the goods to the vendee. I have found no admission by Robinson either in the pleadings or the briefs on

this appeal that title to the goods had passed to Oil & Air Pollution Controls, Inc. Under the circumstances of this case, particularly since it does not appear that title had passed from Robinson, Robinson had the right of possession of the goods. Therefore, I believe that Robinson is a proper party plaintiff in this action.

I would also permit Oil & Air Pollution Controls, Inc., to remain a party plaintiff in this action. I would allow its joinder as plaintiff under Pa. R.C.P. 2326 et seq., relating to intervention. Defendant cannot be harmed by the intervention; rather, it would be to its advantage to have both parties present in the action so that it can be protected from delivery of the goods to a party not having title to the goods or the right of possession thereof.

I would reverse the order of the lower court and direct that this action proceed to trial.

Therefore, I respectfully dissent.

JACOBS and CERCONE, JJ., join in this dissenting opinion.