361 A.2d 815

Joseph P. OTTO and Stella P. Otto, his wife, Appellants,

v.

AMERICAN MUTUAL INSURANCE COMPANY.

Superior Court of Pennsylvania.

June 18, 1976.

424

Richard A. Weisbord, Philadelphia, for appellants.

Daniel J. Ryan, K. McDonald, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Stella P. Otto, wife-plaintiff, was employed by Lithographic Publications, Inc., which is located at 146 North 13th Street, Philadelphia, Pennsylvania. The building

at 146 North 13th Street is owned by Baltic Development Company, Inc. On March 9, 1973, the wife-plaintiff was alighting from an elevator housed in this building when the doors of the elevator allegedly closed upon her left knee, as a result of which she has allegedly suffered serious injury. By complaint filed in February, 1974, plaintiffs-appellants commenced action against both the owner of the building, Baltic Development Company, Inc., and the installer of the elevator, The Charles Palmer Elevator Company. One year later, on February 26, 1975, plaintiffs filed a praecipe for a writ of summons against appellee, American Mutual Insurance Company (American Mutual). Pursuant to a rule to file a complaint, plaintiffs filed a complaint in trespass on April 30, 1975. American Mutual, on May 7, 1975, filed preliminary objections in the nature of a demurrer, and by order of June 27, 1975 the lower court granted American Mutual's preliminary objections and dismissed plaintiffs' complaint. This appeal followed.

Plaintiffs' Complaint in Trespass averred, *inter alia*:

"3. At all times material hereto, the defendant [American Mutual] was under a *contractual and legal obligation* to inspect, maintain, and insure the building and elevators owned by Baltic Development Company, Inc., located at 146 North 13th Street, Philadelphia, Pennsylvania.

"4. On or about March 9, 1973, wife-plaintiff, while in the emplcy of Lithographic Publications, Inc., in the premises owned by Baltic Development Company, Inc., was alighting from an elevator in the said premises when because of the *carelessness and negligence* [1] of the defendant, by its respective agents, ser-

---

1. As will be discussed in the text *infra* the only issue of record is whether the plaintiffs have established the *duty* owed by American Mutual to inspect, maintain and insure the elevator. There is no issue present which raises the specificity, or lack thereof, of the plaintiffs' averments relating to the manner in which the duty, if a duty existed, was breached.

vants, workmen and employees, the doors were caused to close upon her, and she was caused to sustain serious injuries and damages hereinafter set forth.

"5. Defendant, American Mutual Insurance Company, by its respective agents, servants, workmen and employees, was careless and negligent in:

(a) failing to provide plaintiff with a safe place to perform her duties;

(b) failing to properly and adequately inspect, repair and maintain the said elevator;

(c) operating, permitting to be operated and causing to be operated said elevator in *violation of local ordinances and the laws of the Commonwealth of Pennsylvania* and the Department of Labor and Industry Regulations promulgated pursuant thereto (35 Purdons, § 1341 *et seq.* and regulations promulgated thereunder);

(d) failing to use due care for wife-plaintiff's safety under the circumstances in performing such acts of negligence and/or omissions to act in accordance with accepted safety standards;

(e) failing to comply with responsibilities imposed upon them by *law* and *contract* under the circumstances;

(f) causing and/or permitting the *illegal operation* of the said elevator." Printed Record at 2a–3a (emphasis added) (footnote added).

American Mutual filed preliminary objections in the nature of à demurrer, and in a memorandum of law [2]

2. The preliminary objection filed by American Mutual contained only the general averment that "Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted." Printed Record at 6a. Pa.R.C.P. No. 1028(a) requires that "[p]reliminary objections shall state specifically the *grounds relied upon.*" The plaintiffs took no objection to the lack of specificity of American Mutual's demurrer and looked to this memorandum of law to supply the specific grounds for the demurrer. *See West Shore School Authority v. Lambert and Intreri, Inc.,* 82 York Leg.Rec. 205 (1969).

in support thereof (Printed Record at 7a–8a) argued, relying upon *DeJesus v. Liberty Mutual Insurance Co.,*[3] 423 Pa. 198, 223 A.2d 849 (1966) (per curiam), (1) that the allegations in the Complaint in Trespass failed to establish a duty on the part of the insurance company toward the plaintiffs; and (2) that even assuming a legal duty to the plaintiffs existed, the plaintiffs failed to establish, again relying on *DeJesus v. Liberty Mutual Insurance Co.,* supra, that the performance or non-performance of that duty increased the risk of harm and that the plaintiffs relied upon American Mutual's performance of the duty.

The plaintiffs filed an answer[4] to American Mutual's preliminary objections in which they denied the appropriateness of any reliance upon the holding in *DeJesus v. Liberty Mutual Insurance Co.,* supra, and argued that the issue of duty is controlled by *Evans v. Otis Elevator Co.,*[5] 403 Pa. 13, 168 A.2d 573 (1961). The lower court sustained the preliminary objections and dismissed the complaint holding: "The complaint herein fails to set forth sufficient *facts* to establish a duty imposed either by the c ntract insurance or by the nature of the undertaking for a determination of tort liability. The Plaintiffs in this case were content to plead *conclusory averment of a contractual obligation* given [sic] rise to a duty to Plaintiffs, without specifying either the provision creating the duty or the assumption by Defendant of an undertaking that would give rise to any Common Law liability." (Emphasis added.) The order of June

3. *DeJesus v. Liberty Mut. Ins. Co.,* 423 Pa. 198, 223 A.2d 849 (1966) (per curiam) will be considered in detail when we discuss the plaintiffs' arguments on appeal.

4. Plaintiffs did not avail themselves of the 10-day right to amend their complaint as provided by Pa.R.C.P. No. 1028(c). Plaintiffs' reason for this is discussed in note 15 *infra* under the plaintiffs' second argument on appeal.

5. *Evans v. Otis Elevator Co.,* 403 Pa. 13, 168 A.2d 573 (1961) is discussed in detail in the text following this note.

27, 1975 dismissing the plaintiffs' complaint was entered after the statute of limitations had expired, and the plaintiffs did not seek leave to amend.

We agree with the lower court's conclusion that the averments in the plaintiffs' complaint fail to state a cause upon which relief can be granted, and because the plaintiffs did not seek, from the court below, leave to amend their complaint we have no other alternative but to affirm the order of the lower court dismissing plaintiffs' complaint.

Before considering the plaintiffs-appellants' arguments on appeal an overview of the standards to be applied when ruling upon a demurrer is appropriate. " 'The question raised by the demurrer is whether upon the facts averred in the pleading being attacked the law says with certainty that the claim or defense is no good, and if there is *any* doubt as to whether the demurrer should be sustained it should be resolved against the objecting party.' " *King v. United States Steel Corp.*, 432 Pa. 140, 144, 247 A.2d 563, 565 (1968) (footnote omitted) (citations omitted) (emphasis original). "[E]very material and relevant *fact well pleaded* in the complaint and every inference fairly deducible therefrom are to be taken as true: *Commonwealth v. Musser Forests, Inc.*, 394 Pa. 205, 209, 146 A.2d 714; *Byers v. Ward*, 368 Pa. 416, 420, 84 A.2d 307." *Yania v. Bigan*, 397 Pa. 316, 318, 155 A. 2d 343, 344 (1959). "Preliminary objections admit *all facts which are well pleaded, but not the pleader's conclusions or averments of law*: *Ross v. Metropolitan Life Insurance Co.*, 403 Pa. 135, 169 A.2d 74; *Gardner v. Allegheny County*, 382 Pa. 88, 114 A.2d 491; *Narehood v. Pearson*, 374 Pa. 299, 96 A.2d 895." *Bogash v. Elkins*, 405 Pa. 437, 439, 176 A.2d 677, 678 (1962) (emphasis added). With these standards before us we consider the plaintiffs-appellants' three arguments on appeal.

## I

 The plaintiffs-appellants submit that their complaint does set forth a valid cause of action against American Mutual. The shortcoming of the plaintiffs' submission is chiefly in their failure to appreciate the necessity of "fact pleading." It is incumbent upon the plaintiffs to state all "material facts on which a cause of action or defense is based . . . in a concise and summary form." Pa.R.C.P. No. 1019(a). Moreover, in the context of a negligence action, it is fundamental that the plaintiffs establish the *duty* owed by American Mutual, the breach of which might give rise to injuries alleged to be suffered by the plaintiffs. "Obviously, no negligence claim can be based upon a state of facts on which the law does not impose a *duty* upon the defendant in favor of the plaintiff[s]. See *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959); *Neyman v. Soutter*, 205 Pa. Super. 8, 205 A.2d 685 (1964)." *Boyce v. United States Steel Corp.*, 446 Pa. 226, 230, 285 A.2d 459, 461 (1971) (emphasis added). The plaintiffs contend that the duty owed to them by American Mutual is imposed by contract [6] and by law.[7]

---

**6.** *See* paragraph 3 of plaintiffs' Complaint in Trespass in the text supra.

**7.** *See* paragraph 5(c) of plaintiffs' Complaint in Trespass in the text supra. At first blush, when the plaintiffs-appellants speak in terms of the law imposing a duty it appears that they are calling attention only to 35 P.S. § 1341 *et seq.* However, the plaintiffs-appellants actually, in addition to the 35 P.S. § 1341 *et seq.* argument, make another subtle argument that the law imposes a duty. In the opinion of the lower court it is concluded, *inter alia*, that the plaintiffs have not shown that a *contractual provision sets forth* a duty owed to third persons. When the plaintiffs-appellants urge that the law imposes a duty they argue that the Restatement (Second) of Torts § 324A (1965) imposes the duty regardless of any specific contractual provision specifying a duty owed to third parties. Restatement (Second) of Torts § 324A (1965) provides:

"§ 324 A Liability to Third Person for Negligent Performance of Undertaking

## A

In support of its preliminary objection in the nature of a demurrer, American Mutual submitted *DeJesus v. Liberty Mutual Insurance Co.,* supra as dispositive of this case. In *DeJesus v. Liberty Mutual Insurance Co.,* supra the plaintiff suffered personal injuries during the course of his employment. He instituted an action in trespass naming as a defendant his employer's workmen's compensation carrier, Liberty Mutual Insurance Company (Liberty). He claimed that by virtue of advertising material sent by Liberty representing that Liberty provided loss prevention service and safety counsel to its policyholders there was a duty on the part of Liberty to provide a safe employment environment. The lower court sustained Liberty's preliminary objections in the nature of a demurrer and our Supreme Court affirmed holding: "None of the allegations of the complaint creates a duty in appellee toward appellant because there is no averment that the advertisements were part of any contract or other legal obligation undertaken by appellee or that they adversely affected appellant.

"Furthermore, even if we assume that a legal duty were owed by appellee to appellant by reason of an undertaking to render services in developing safety techniques, there would still be no cause of action stated. Re-

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."
> This argument is of no legal impact until the contract imposing the duty to insure, inspect and maintain the elevator is established.

statement 2d, Torts § 323 (1965) states: '§ 323. Negligent Performance of Undertaking to Render Services. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.' The import of that section is that negligent performance or nonperformance must increase the risk of harm and that there must be reliance by the injured plaintiff upon the defendant's performing the service he has undertaken to render. Appellant's complaint fails to aver or establish either element and sets forth no cause of action." [8] *DeJesus v. Liberty Mutual Insurance Co.*, supra, 423 Pa. at 200–201, 223 A.2d at 850 (footnote added).

American Mutual concluded that (1) no contractual duty had been factually averred; and (2) even if a contractual obligation was established the plaintiffs failed to aver that they relied upon the undertaking and that the failure to perform the duty increased the risk of harm.[9] In response to American Mutual's reliance upon

8. *See Brown v. Travelers Ins. Co.*, 434 Pa. 507, 525–26, 254 A.2d 27, 35 (1969) (O'BRIEN, J., dissenting) wherein Justice O'Brien observes:

 "Appellant's attorney in the instant case evidently did his homework, for the pleading deficiencies which precluded recovery in DeJesus have been avoided here. Paragraphs 6, 7, and 8 of the amended complaint clearly set forth appellant's theory that appellee had assumed a duty by undertaking to render services in making the employer's premises safe, and that its negligent inspections or failure to inspect had increased the risk of harm to appellant who had relied on appellee's program." (Footnote omitted.)

9. Again we emphasize that plaintiffs did not invoke the 10-day right to amend their complaint after service of American Mutual's preliminary objections. Pa.R.C.P. No. 1028(c). Neither did they later seek leave to amend.

*DeJesus v. Liberty Mutual Insurance Co.*, supra, plaintiffs make three arguments. First they submit that *DeJesus v. Liberty Mutual Insurance Co.*, supra is distinguishable because the source of the duty in *DeJesus v. Liberty Mutual Insurance Co.*, supra was advertising material while the source of duty instantly is in contract. This distinction is only viable to the extent the source of the duty is in fact found in a contractual obligation. In other words, the distinction does no more than restate the bald assertion in the Complaint in Trespass that there is a contractual obligation between American Mutual and Baltic Development Company Inc. [the owners of the building] to insure, maintain and inspect the elevator.[10] The preliminary objection in the nature of a demurrer by American Mutual does not admit the conclusion of law that a contractual obligation exists. *Bogash v. Elkins*, supra.

In a second attempt to distinguish *DeJesus v. Liberty Mutual Insurance Co.*, supra plaintiffs submit that the source of the duty to insure, maintain and inspect is in law by virtue of state law and regulations promulgated pursuant thereto. We will discuss the averments in the Complaint in Trespass of a statutory obligation inspect *infra*.

The third way in which the plaintiffs attempt to distinguish *DeJesus v. Liberty Mutual Insurance Co.*, supra is to argue that the Supreme Court's reference to § 323 of the Restatement (Second) of Torts § 323 (1965) was incorrect. They argue that the appropriate provision of the Restatement (Second) of Torts was § 324A which involves liability to third parties for negligent perform-

10. We should point out that we are not being overly technical in requiring the contract to be averred with sufficient factual basis. As will be seen in the text *infra* there is a real question as to American Mutual's obligation to inspect the elevator.

ance of an undertaking.[11] This distinction still does not place the plaintiffs' Complaint in Trespass in any better light. Section 324A of the Restatement (Second) of Torts requires *inter alia* that the "failure to exercise reasonable care increase[s] the risk of . . . harm; or . . . (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." *See* note 7 supra. None of these averments were set forth in the Complaint in Trespass.

Still on the issue of the contractual obligation the plaintiffs argue that *Evans v. Otis Elevator Co.*, 403 Pa. 13, 168 A.2d 573 (1961) is controlling. Even a cursory review of *Evans v. Otis Elevator Co.*, supra reveals that it is not applicable to this case. The existence of a contractual obligation in *Evans v. Otis Elevator Co.*, supra was well documented. The holding in *Evans v. Otis Elevator Co.*, supra benefits the plaintiffs only to the extent they establish, by pleading facts, that a contractual obligation exists. This they have not done and reliance upon *Evans v. Otis Elevator Co.*, supra is premature.

## B

The plaintiffs aver, *see* paragraph 5(c) text supra, that American Mutual had a statutory duty to inspect the elevator. The averment is deficient in that it fails to set forth "sufficient facts to bring the case with-

---

11. Restatement (Second) of Torts § 323 (1965) deals with liability of the contracting parties as between themselves.

"§ 323 Negligent Performance of Undertaking to Render Services

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking."

in the statute: 25 R.C.L. 946, 955; 5 Wigmore on Evidence 585." *Goldberg v. Friedrich*, 279 Pa. 572, 574, 124 A. 186 (1924). Further, the statutory provision relied upon is in no way dispositive of the duty issue. The Act of May 2, 1929, P.L. 1518, § 4, *as amended* March 2, 1970, P.L. 68, No. 30, § 1, December 10, 1974, P.L. 862, No. 291, § 1, 35 P.S. § 1345 (Supp.1975–76) does not specifically require an insurer to assume a duty to inspect, for it permits the inspection to be done by *either* the insurer's licensed inspectors *or* Commonwealth inspectors.[12]

Plaintiffs rely on *Bollin v. Elevator Construction & Repair Co., Inc.*, 361 Pa. 7, 63 A.2d 19 (1949) to support their contention that American Mutual had a statutory duty to inspect the elevator. Again, any reliance on *Bollin v. Elevator*, supra is premature until it is factually averred that (1) a contractual obligation existed and (2) not only was there a contractual obligation to insure but a contractual obligation to inspect.

The plaintiffs, having failed to plead sufficient material facts to establish a duty owed by American Mutual to insure, maintain and inspect the elevator, the performance of such duty enuring to the benefit of the plain-

---

12. "§ 1345. Inspection of insured elevators

If an elevator is insured by a company authorized to insure elevators in this Commonwealth against loss from accident, the inspection shall be made by an employe of such company, duly licensed under section 4 of this act, or any employe, duly licensed under section 4 of this act, of a firm engaged in the making of inspections on a fee or contract basis when performing inspections on such basis for an insurance carrier and the only fee collectible by the Commonwealth shall be the certificate fee of ten dollars ($10) hereinafter provided for in this act. *Elevators insured and not inspected by the insurance company or other firms authorized under section 5, will be inspected by a department inspector with fees for inspections collectible by the Commonwealth, and which fees will be the responsibility of the owner tenant or lessee responsible for maintenance and upkeep of the elevator.*" Act of May 2, 1929, P.L. 1518 § 4, *as amended,* March 2, 1970, P.L. 68, No. 30, § 1, December 10, 1974, P.L. 862, No. 291, § 1, 35 P.S. § 1345 (Supp.1975–76) (emphasis added.)

tiffs, have failed to set forth a valid cause of action of negligence against American Mutual.[13]

## II

The plaintiffs argue that the lower court sustained the preliminary objection on the basis of an issue not before it. In the lower court opinion it was *observed*: "This matter would have been greatly simplified had Plaintiffs attached as exhibits those provisions of the contract of insurance detailing the Defendant's duty to third persons and whether in fact the Defendant undertook to inspect the elevators in the building at regular intervals and to repair the same, as required by Rule 1019(h) of the Pennsylvania Rules of Civil Procedure."

The plaintiffs are correct in submitting that American Mutual's preliminary objections do not raise a Pa. R.C.P. No. 1019(h) issue.[14] However, we do not read the lower court's opinion as using Pa.R.C.P. No. 1019

---

13. The plaintiffs commenced this cause of action against American Mutual by filing a praecipe for a writ of summons. The plaintiffs could have availed themselves of "pre-complaint discovery" in order to avoid the deficiencies of their complaint.

"It is clear that pre-complaint discovery is contemplated and allowed by the Rules of Civil Procedure. An action may be commenced by summons. Pa.R.C.P. No. 1007. Discovery by deposition may then be had 20 days thereafter, or within twenty days with leave of court. Pa.R.C.P. No. 4407(b). In response to the summons, a defendant can compel the plaintiff to file a complaint within twenty days or suffer a judgment of nonpros. Pa.R.C.P. No. 1037. *Thus, for the plaintiff without sufficient facts with which to draw a complaint, discovery within the first twenty days is essential.* Rule 4007 clearly allows such discovery because depositions thereunder are permitted if they will 'substantially aid in the preparation of the pleadings.'" *Lapp v. Titus*, 224 Pa.Super. 150, 155, 302 A.2d 366, 369, *allocatur refused*, 224 Pa.Super. xxxvi (1973) (emphasis added).

14. Pa.R.C.P. No. 1019(h) provides: "A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

(h) as the basis for sustaining the preliminary objections. The lower court merely made an observation on what would have made this case easier to decide. The basis for the lower court's action is the failure to do any more than plead a duty, to-wit, a contractual obligation, in a "conclusory" averment.

### III

The plaintiffs' last argument is that the lower court "abused its discretion in dismissing plaintiffs' complaint." Brief for Appellant at 12. The plaintiffs submit that "[a]n appropriate disposition would have been to permit the plaintiffs leave to amend." [15] Brief for Appellant at 13 (footnote added). "The court must grant leave to amend when the claim as stated does not exclude the possibility of recovery upon a better statement of facts. *Garnack v. McNally*, 315 Pa. 30, 172 A. 102 (1934)." *Robinson v. Tool-O-Matic, Inc.*, 216 Pa. Super. 258, 261, 263 A.2d 914, 916, *allocatur refused*, 216 Pa.Super. 1 (1970) (footnote omitted). However, we have searched the record and we have been unable to find any attempt by the plaintiffs to amend their complaint with "leave of court or with filed consent of the adverse party." Pa.R.C.P. No. 1033. [16]

---

**15.** We have noted that after American Mutual filed its preliminary objections, plaintiffs did not avail themselves of the 10-day right to amend provided in Pa.R.C.P. No. 1028(c). In some manner of justification for failing to invoke this right the plaintiffs argue: "Plaintiff is not obligated to take advantage of the 10-day right to amend provided in Rule 1028(c); he may exercise the right to have the demurrer heard and decided by the court and still retain his right to amend. *Trimble v. Robertshaw Thermostat Co.*, 29 Westmore L.J. 247 (1947); Goodrich-Amram Civil Practice, § 1017(b)–(11), p. 94." Brief for Appellant at 13 n. 7. However, as we discuss in the text following this note, we cannot find in the record that the plaintiffs at any time sought leave to amend from the court or sought concurrence from opposing counsel.

**16.** The Writ of Certiorari was filed in the Court of Common Pleas on July 25th, 1975. Prior thereto the plaintiffs filed an Amended Complaint in Trespass. American Mutual again filed

■ Only on appeal do the plaintiffs seek leave to amend. When a party has "neither requested leave to amend his complaint below, nor raised the lack of opportunity to amend [17] on this appeal . . . [h]e has waived the right to amend." *Robinson v. Tool-O-Matic, Inc.,* supra at 262, 263 A.2d at 916 (footnote added).

The Order of the court below is affirmed.

preliminary objections averring that plaintiffs' Amended Complaint was filed without leave of court and without concurrence of opposing counsel. American Mutual further averred that the plaintiffs only remedy was to appeal the final order dismissing the original Complaint in Trespass. The next docket entry lists the Writ of Certiorari filed on July 25th, 1975; the record reveals no disposition of the plaintiffs' attempt to file an amended complaint.

Moreover, the Amended Complaint in Trespass contains the averment that the "defendant [American Mutual] was under a contractual and legal obligation to inspect, maintain, and insure . . . ." the elevator. This averment suffers from the same infirmity as the averment in the original complaint.

17. The order of June 27, 1975 dismissing the complaint was entered after the statute of limitations had expired. However, this does not automatically operate to preclude an amendment. An amendment in this case would not set up a different kind of negligence or a new cause of action but would amplify the averment of a duty, to-wit a contractual obligation, and would be permissible even after the statute of limitation had expired. *Downes v. Hodin,* 377 Pa. 208, 104 A.2d 495 (1954).