## Scholl v. Hartzell

*Barry Shabbick,* for plaintiff.
*Mildred Molino,* for defendant.

GRIFO, *J.,* October 19, 1981—This matter comes before the court pursuant to preliminary objections filed by defendant to plaintiff's complaint. Defendant objects in the nature of a demurrer and a motion for a more specific complaint. We find it necessary to treat only the former since by its disposition the latter becomes moot.

In passing upon preliminary objections in the nature of a demurrer, we must accept as true all averments of material and relevant facts which are well and clearly pleaded: Yania v. Bigan, 397 Pa. 316, 155 A. 2d 343 (1959). Accordingly, we find, at this procedural stage, the facts in this matter to be:

On April 3, 1981, defendant placed a newspaper advertisement in the Allentown Morning Call Newspaper for the sale of a 1962 Chevrolet Corvette automobile and miscellaneous parts for the sale price of $4,000. Plaintiff, in response to the aforementioned advertisement, met with defendant on April 3 to inspect the automobile and component parts which formed the basis of defendant's offer to sell. Subsequent to the inspection of said automobile and parts, defendant and plaintiff entered into an agreement of sale for the total sale price of $4,000, at which time plaintiff gave defendant a deposit of $100. A receipt was given to plaintiff noting said deposit, and indicating that a balance of $3,900 would be due and payable upon pick up of the vehicle. Thereafter, on the same date, plaintiff advised defendant that he had obtained a bank money order, payable to defendant, for the

balance of the said price, which he would hand deliver to defendant when the vehicle and parts were tendered. On April 5, 1981, pursuant to a phone conversation, defendant advised plaintiff that he would not accept plaintiff's tender of the balance of the sale price. Thereafter, defendant returned plaintiff's initial payment of $100, and has continued to ignore plaintiff's demand that defendant accept plaintiff's tender of the full amount of the sale price.

Based on the foregoing, plaintiff has filed an action in replevin, wherein he demands that possession of said automobile and automotive parts be delivered to plaintiff following payment of the sale price. In the alternative, plaintiff demands a judgment against defendant in the amount of $4,655, which he alleges represents the difference between the sale price and the value of the property to be replevied.

Generally speaking, replevin lies wherever one person claims personal property in the possession of another, provided the claimant has the the exclusive and immediate right to possession of the goods in question: Robinson v. Tool-O-Matic, Inc., 216 Pa. Superior Ct. 258, 263 A. 2d 914 (1970). See also, 10 Standard Pa. Pract. §11. Defendant has alleged that plaintiff has failed to establish his exclusive right to the automotive parts in question. Indeed, defendant avers that the complaint, at best, raises a question of contract. He further contends that in order to permit an action in replevin to lie in this action, it would also have to lie in any situation where a prospective buyer places a deposit on a piece of merchandise. We agree.

In Morgan v. East, 25 N.E. 867 (1890), the Indiana Supreme Court held that an action in replevin would not lie to enforce an unexecuted con-

tract, and concluded that the parties are left to an action for the breach of the agreement. In the instant matter, it would appear that if a contract were indeed created through the tender of the deposit and the signed receipt, it was still executory since further performance was required by both parties; namely, the tendering of the balance due and the transfer of title to the automobile and miscellaneous parts. We do not believe that plaintiff, through said tendering of the deposit, acquired a right to immediate and exclusive possession of the goods in question within the meaning of Robinson v. Tool-O-Matic, supra.

We believe that to allow plaintiff to maintain his present action in replevin would allow plaintiff to accomplish indirectly what he cannot do directly. That is to say, plaintiff by his replevin action is attempting to force defendant to specifically perform the contract in issue. Specific performance is an equitable remedy and only available when plaintiff has no adequate remedy at law. Our Commonwealth Court had held that specific performance should only be granted where facts clearly establish plaintiff's rights thereto, where no adequate remedy at law exists, and where justice requires it: Hilton v. State Employees' Retirement Board, 23 Pa. Commonwealth Ct. 639, 353 A. 2d 883 (1976), revised on other grounds, 470 Pa. 301, 368 A. 2d 640 (1977).

In support of his contentions, plaintiff has argued that the Pennsylvania Uniform Commercial Code specifies that a replevin action is one of the buyer's remedies in a breach of contract situation, and has cited Uniform Commercial Code-Sales, 13 Pa.C.S.A. §2716 as his authority. Section 2716 is titled Right of buyer to specific performance or replevin, and provides as follows:

"(a) Specific performance.—Specific performance may be decreed where the goods are unique or in other proper circumstances.

"(b) Terms and conditions of decree.—The decree for specific performance may include such terms and conditions as to payment of the price, damages, or other relief as the court may deem just.

"(c) Replevin.—The buyer has a right of replevin for goods indentified to the contract if after reasonable effort he is unable to effect cover for such goods or the circumstances reasonably indicate that such effort will be unavailing . . . ."

Plaintiff further submits that Official Comment 3 explains that section 2716 permits a buyer to avail himself of the legal remedy of replevin in cases in which cover is reasonably unavailable and goods have been identified to the contract. We find plaintiff's argument unpersuasive. Official Comment No. 2 to section 2716 provides:

In view of this article's emphasis on the commercial feasibility of replacement, a new concept of what are "unique" goods is introduced under this section. Specific performance is no longer limited to goods which are already specific or ascertained at the time of contracting. The test of uniqueness under this section must be made in terms of the total situation which characterizes the contract. Output and requirements contracts involving a particular or peculiarly available source or market presents today a typical commercial performance situation, as contrasted with contracts for the sale of heirlooms or priceless works of art which were usually involved in the older cases. However, uniqueness is not the sole basis of the remedy under this section for the relief may also be granted "in other proper circumstances" and inability to cover is strong evidence of "other proper circumstances."

Although a 1962 Chevrolet Corvette automobile may be considered by many to be a collector's item, the court fails to find that it is of the "unique" goods contemplated by section 2716. Moreover, plaintiff has not alleged in his complaint that he has been unable to cover as provided in section 2716.

We conclude that plaintiff's action does not lie in replevin, but should more appropriately be in assumpsit.

Based on the foregoing, we find it unnecessary to address defendant's preliminary objection in the form of a motion for a more specific complaint.

Wherefore, we enter the following

## ORDER

And now, October 19, 1981, defendant's preliminary objections in the nature of a demurrer is hereby sustained.

Plaintiff is given leave to file an amended complaint.