The WESTERN UNION TELEGRAPH COMPANY, Plaintiff,

v.

N. C. DIRENZI, INC., et al., Defendants,

v.

CITY OF PHILADELPHIA et al., Third-party Defendants.

Civ. A. No. 77–137.

United States District Court, E. D. Pennsylvania.

Sept. 21, 1977.

Thomas J. Elliott, Philadelphia, Pa., for plaintiff.

Steinberg & Girsh, Philadelphia, Pa., for N. C. Direnzi, Inc.

Gabriel Bevilacqua, Asst. City Sol., Philadelphia, Pa., for third-party defendant City of Philadelphia.

William J. O'Brien, Philadelphia, Pa., for third-party defendant American Tel. and Tel. Co.

Joseph R. Livesey, Philadelphia, Pa., for third-party defendant Phila. Electric.

## OPINION AND ORDER

A. LEON HIGGINBOTHAM, Jr., District Judge.

### I.

This is a diversity action in which plaintiff, Western Union Telegraph Company, brought suit against N. C. Direnzi, Inc.[1] and George K. Heebner, Inc., alleging negligence in the performance of excavation work in Philadelphia. Plaintiff claims that, as a result of the defendants' failure to locate the Western Union cables within the excavation site, the cables were severed and plaintiff suffered damages in the amount of $34,218.22 which corresponds to the costs of labor and materials necessary to make the required repairs to its cable system and restore the transmission of service.

N. C. Direnzi, Inc. filed a third party complaint against the City of Philadelphia (hereinafter the City), the American Telephone and Telegraph Co. (hereinafter A.T. &T.), the Philadelphia Electric Company (hereinafter P.E.), the Ballinger Co. and John deMoll. In a third party complaint, Direnzi claimed that the third party defendants each acted negligently by failing to inform Direnzi of the Western Union Telegraph Co. cables located within the excavation site.[2]

Motions for summary judgments were filed by George K. Heebner, Inc., the Ballinger Company and John deMoll, the City and P.E.

On August 25, 1977, I received a letter from Robert R. Reeder, counsel for co-defendant George K. Heebner, Inc., stating:

On June 30, 1977 various Motions for Summary Judgment were presented to the court on oral argument. Counsel for all parties were present and contested the granting of the Motions for Summary Judgment which were filed by the City of Philadelphia and Philadelphia Electric. However, similar Motions filed on behalf of George K. Heebner, John DeMoll and the Ballinger Company were expressly not contested by counsel in this matter.

.    .    .    .    .

I am hand delivering this date, a copy of this letter to all counsel and am requesting that they contact your Honor by 10:00 A. M. on August 26, 1977 if my statement is not correct.    .    .    .

No objections were made; therefore, I granted the Motions for Summary Judgment made by George K. Heebner, Inc. and the Ballinger Co. and John deMoll on August 29, 1977. Those summary judgment motions remaining for disposition are those of the City and P.E.

Pursuant to the reasons stated below, the motion for summary judgment is granted as to P.E.; the motion for summary judgment of the City is denied.

### II.

In recognition of the well-settled doctrine that summary judgment is usually inappropriate in negligence cases, *see e. g.,* *Pirocchi v. Liberty Mutual Insurance Co.,* 365 F.Supp. 277, 282 (E.D.Pa.1973); 6 Moore, Federal Practice 5b–946 (2d ed. 1976), the facts of this case have been closely scrutinized with a perspective initially favorable toward denying the motions for summary judgment.

---

1. In defendant Direnzi's motions and briefs, the corporate name is spelled "DiRenzi"; however, since the official caption in this case uses "Direnzi" I will use that spelling except in quotations.

2. Direnzi later moved for leave to join David LoMastro and M. LoMastro t/a LoMastro Brothers as third party defendants. The motion was granted June 10, 1977; however, there are no motions for summary judgment now before me concerning the LoMastro Brothers.

In Pennsylvania tort law, before an action based on negligence can be maintained there must exist a "state of facts" which impose a legal duty. *Boyce v. U. S. Steel Corp.,* 446 Pa. 226, 285 A.2d 459 (1971); *Neyman v. Soutter,* 205 Pa.Super. 8, 205 A.2d 685, *aff'd,* 417 Pa. 634, 209 A.2d 430 (1964). "Obviously, no negligence claim can be based upon a state of facts on which the law does not impose a duty upon the defendant in favor of the plaintiff." *Boyce v. U. S. Steel Corp.,* 446 Pa. at 230, 285 A.2d at 461. Where there is no legal duty summary judgment is appropriate.

While the defendant may not initially owe the plaintiff any legal duty, by gratuitous acts, it may nevertheless incur tort liability. Under Pennsylvania law:

. . . a person who makes an engagement, even though gratuitous, and actually enters upon its performance, will incur tort liability if his negligence thereafter causes another to suffer damages. *Pascarella v. Kelley,* 378 Pa. 18, 105 A.2d 70 (1954). *Rehder v. Miller,* 35 Pa.Super. 344 (1908).

*Pirocchi v. Liberty Mutual Insurance Co., supra* at 281.

The defendant corporation, Direnzi, does not base its claim against the third party defendants on the theory that they had a duty to initially inform the corporate representatives of the existence of lines within the excavation site and I cannot find any basis for a finding of such duty. Instead, it apparently maintains that the parties affirmatively acquired a legal duty while performing a gratuitous service. Direnzi maintains in its brief that:

. . . the City provided DeRenzi with the "Before You Dig" card which included a number to call to contact the City of Philadelphia. This card did not advise contracting Western Union. The City, however, did have specific knowledge of the exact location of Western Union lines on Second Street as disclosed by the map produced at the DiRenzi deposition which was identified as a record of the City of Philadelphia. The issue is then whether the City of Philadelphia was negligent in failing to alert DiRenzi of the Western Union lines where the City had specific knowledge of their existence and where DiRenzi could not have anticipated their presence.

Direnzi brief, pp. 5–6. While the City had no obligation to provide the "Before You Dig" card, Direnzi maintains that in providing this card it incurred the responsibility to alert Direnzi as to the existence of all the lines within the area.

As to the liability of P.E., Direnzi maintains:

Philadelphia Electric Company, which produced a map of underground services, may well have known of the presence of Western Union cables or had a duty to advise DiRenzi of the possibility of their presence. The Philadelphia Electric Company map charted A.T.&T. lines and according to the person from Western Union who spoke to Direnzi, A.T.&T. should have advised DiRenzi of the Western Union lines.

Direnzi brief, p. 6. Here also, Direnzi argues that while P.E. was not obligated to initially inform Direnzi of all of the utility lines, when it provided a map charting its lines and those of A.T.&.T. it should have informed Direnzi of the presence of Western Union lines.

### III.

### PHILADELPHIA ELECTRIC COMPANY

Even when considering the facts in the light most favorable to Direnzi, there is no basis to conclude that as a matter of law P.E. owed any duty to Direnzi. By the April 11, 1977, deposition taken of Francis Direnzi, Vice President of N. C. Direnzi, Inc., when the P.E. representative showed Mr. Direnzi the map locating its lines, their exchange was recorded as follows:

[MR. O'BRIEN]

Q. What did he indicate to you, that they were his lines?

[FRANCIS DiRENZI]

A. What is in this casing.

This casing is in the sidewalk on the—I guess you would call it the southwest corner.

Q. Southwest corner of Second Street?

A. Right, and it runs parallel with Second all the way down, and this is the casing that they have in there, and he marked that on the sidewalk for me.

Now, he didn't indicate anything as far as A T & T. it is just that I saw it on the Plan.

Q. Where did you see it on this Plan?

A. Right where that is circled.

Q. Can you point that out to me here?

A. Right in here (indicating.)

Q. You are pointing to an  .  .  .

A. (Interposing) A T & T.

Q. (Continuing)  .  .  . A T & T designation circled in red?

A. Right.

Q. As I understand it, after the conversation with him, you had this Plan which pointed out the PE line?

A. Yes.

Q. *Did you have any discussion with him about any other lines other than PE?*

A. *No.*

.  .  .  .  .

Q. When you spoke to the Philadelphia Electric people, you had no conversations with them about other utilities' lines, did you?

A. No.

Q. Did you expect that they would tell you about other utility lines?

A. No.

April 11, 1977, Deposition of Francis Direnzi, pp. 20–21, 72 (emphasis added).

Upon this testimony there is no basis for holding that P.E. assumed any affirmative duty to discuss the presence of *other* utility lines when its representative did not discuss other utility lines and when Francis Direnzi had no expectation of receiving such information. As a matter of law while it is true that the P.E. map did note A.T.&T. lines, such markings do not constitute a gratui-

tous assumption of a legal duty to inform Direnzi of all other utility lines.

In its brief in opposition to the City and P.E.'s motions for summary judgment, Direnzi argues that the deposition statements of Francis Direnzi do not provide a basis for granting the third party defendants' motions for summary judgment.

For a number of reasons, the testimony of DiRenzi does not provide a basis for summary judgments on behalf of either of these parties. Mr. DiRenzi is merely a witness and not a party himself. Further, the subjective expectations of Mr. DiRenzi are irrelevant to the legal issues of this cause because reliance is not an element which must be established to prove the liability of either the Philadelphia Electric Company or the City. Defendant's brief p. 7. Direnzi also maintains that because the statements of Francis Direnzi are contained in depositions and not upon affidavits they are inadmissible.

█ All of Direnzi's objections to the admissibility of Francis Direnzi's statements are without merit. First, the statements are admissible when contained in deposition form. The transcript of the deposition hearing was filed on May 4, 1977, and is a part of the official record. Furthermore, Fed.R.Civ.P. 56(c) explicitly provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

█ Also, Francis Direnzi, as one of the executive officers of the defendant company, is capable of making statements which, if they qualify as admissions, can be entered as such against the defendant. Under Pennsylvania law:

.  .  . admissions by an officer of a company who stands in a position of authority are competent and binding on the company for whom he speaks. *Guardian Trust Co. v. Meyer,* 8 Cir., 19 F.2d 186.

*Shipley v. Pittsburgh and Lake Erie Railroad Company,* 83 F.Supp. 722 (W.D.Pa. 1949).

While I hold that in the context of these facts that P.E. at no time had any affirmative duty to Direnzi to advise it of other utility lines, I nevertheless will make an alternative holding. If, assuming arguendo, P.E. ever acquired such an affirmative duty that duty was terminated by the conversations between Direnzi and P.E. The statements of Francis Direnzi as admissions are permissible to show, not reliance, but that P.E.'s alleged affirmative duty would have been terminated after the representative spoke with Francis Direnzi.

> . . . [T]he duty may be terminated when circumstances permit by giving notice of the intention to terminate and disclosing what remains to be done. Prosser, *supra*, § 56.

*Pirocchi v. Liberty Mutual Insurance Co., supra* at 281. After Direnzi spoke with the P.E. representative there was no expectation that P.E. would tell Direnzi about any other utility lines which may have been in the area.

## CITY OF PHILADELPHIA

Direnzi's case is perhaps a scintilla stronger against the City and, at any rate, it contains sufficient inferences to at this stage escape the death warrant of a summary judgment. *See also Pirocchi v. Liberty Mutual Insurance Co., supra.* The City did provide a card which gave the names and numbers of the Philadelphia Electric Company, Philadelphia Gas Works, Philadelphia Transportation Co., Bell Telephone Co. and the City of Philadelphia Water Dept. Answer of Direnzi to Motion for Summary Judgment of Philadelphia Electric Company, Exhibit "A". Under the facts presented, it is impossible to say that as a matter of law the City did not assume an affirmative duty.

The denial of the City's motion for summary judgment is without prejudice to the trial judge reconsidering this matter at the time of trial.