## Walch v. Red Hill Borough

*Robert A. Lechowicz,* for plaintiff.
*Jay H. Karsch,* for Red Hill Borough.
*Alexis L. Barbieri,* for commonwealth.

BROWN, *J.,* November 18, 1986 —Allen · E. Walch, father and natural guardian of Cathy Walch, filed an action in trespass on her behalf against Red Hill Borough and the commonwealth of Pennsylvania on September 30, 1985.

On June 8, 1983, Cathy was walking from her home to Red Hill Elementary School. It was necessary for her to cross Main Street in Red Hill, also known as Pennsylvania Route 29, a state-designated highway, to get to school. While crossing the street, she was hit by a car[1] and sustained serious injuries.

The complaint alleges the highway was "owned, controlled, maintained and supervised by defendants," and the collision was caused by their negligence and carelessness. The alleged negligence consisted of failure to warn that cars were travelling at an excessive rate of speed, failure to reduce the speed limit, failure to supervise the highway so as to protect school children and failure to regulate traffic by providing traffic signals or crossing guards.

On October 23, 1985, Red Hill Borough filed preliminary objections in the nature of a demurrer

---

1. The car was driven by Robert Deppe. The commonwealth joined him as an additional defendant on October 21, 1985.

claiming no duty was owed by the borough to plaintiff for the maintenance of a state highway. On August 7, 1986, we sustained the preliminary objections and dismissed the complaint as to the borough. Plaintiff appeals.

A demurrer admits as true all well pleaded facts and all inferences fairly deducible therefrom. To sustain a demurrer, it must appear with certainty, upon the facts averred, that the law will not permit recovery by plaintiff. *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672, 674 (1979).

A negligence claim cannot be maintained upon facts on which the law does not impose a duty, *Williams v. Lewis*, 319 Pa. Super. 552, 466 A.2d 682 (1983). In order to establish negligence, plaintiff must show that some duty has been breached. *Johnston v. Pennsylvania R. Co.*, 135 Pa. Super. 45, 4 A.2d 539, 542 (1939), *Neyman v. Soutter*, 205 Pa. Super. 8, 205 A.2d 685, aff'd, 417 Pa. 634, 209 A.2d 430 (1964). Duty is an obligation which requires one party to conform to a particular standard of conduct with respect to another. *Bradshaw v. Rawlings*, 612 F.2d 135, 138 (3rd Cir., 1979), cert. denied, 446 U.S. 909 (1980). "A negligence claim must fail if based on circumstances for which the law imposes no duty of care on defendant." *Bradshaw*, supra, at 138, *Wright v. Federal Machine Co. Inc.*, 535 F. Supp. 645 (E.D. Pa., 1982); *Lesnefsky v. Fischer and Porter Co. Inc.*, 527 F. Supp. 951 (E.D. Pa., 1981).

Absent some statutorily imposed duty relegating responsibility to a governmental unit to warn of a dangerous condition on a highway, no such duty will be imposed. *Calvanese v. Leist*, 70 Pa. Commw. 251, 452 A.2d 1125, 1126 (1982); *Rinaldi v. Giblin*, 70 Pa. Commw. 253, 452 A.2d 1126 (1982); *Garing v. Buffington*, 32 D.&C.3d 501 (1984). Further-

more, section 6122(a) of the Motor Vehicle Code, 75 Pa.C.S. §6122(a), does not impose an affirmative duty to provide pedestrian crosswalks, to erect warning signs or to illuminate the roadway. *Garing,* supra, at 505; *Keen v. Schlegelmilch,* 14 D.&C.3d 107, 109 (1979), (no duty to construct traffic control devices — solely within discretion of township).

Section 6122(a) states:

"(a) General Rule. The department on state-designated highways and local authorities on any highway within their boundaries *may* erect official traffic-control devices, which shall be installed and maintained in conformance with the manual and regulations published by the department upon all highways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic." 75 Pa.C.S. §6122(a). (emphasis added).

The word "may" in section 6122(a) indicates that the installation of traffic-control devices is discretionary rather than mandatory. *Garing,* supra, at 504. Therefore, there is *no* affirmative duty to erect warning devices. *Swank v. Bensalem Township,* 68 Pa. Commw. 520, 449 A.2d 837, 838 (1982), rev'd in part on other grounds 304 Pa. 291, 472 A.2d 1065. See also, *McKindley v. South Side Area Sch. Dt.,* 42 Beaver C.L.J. 28 (1983).

Nor did Red Hill Borough have a duty to instruct motorists to limit or reduce speed. The pertinent part of section 3363 of the Motor Vehicle Code provides:

"The department or local authorities on highways under their respective jurisdictions, upon the basis of an engineering and traffic investigation, *may* determine that the maximum speed permitted under this subchapter is greater or less than is reasonable

and safe under the conditions found to exist upon any such highway or part thereof and establish a reasonable and safe maximum limit. . . ." 75 Pa.C.S. §3363 (emphasis added).

The word "may" in section 3363 indicates that although the department or local authority has the power to alter the maximum speed limit, there is *no* affirmative duty to do so. Although there is no case directly on point, this reasoning is analogous to that in the cases interpreting the word "may" in section 6122(a) of the code.

Accordingly, Red Hill Borough had no duty to reduce the speed limit, erect traffic signals or warn pedestrians about the speed of oncoming vehicles.