**Innovative Construction, Inc. v. Jet Express, Inc.**

476

*Carmen F. Lamancusa*, for plaintiffs.
*Jeffrey T. Criswell*, for defendants.

COX, *J.*, March 17, 2014—Before the court for disposition are the preliminary objections to plaintiffs' complaint filed on behalf of the defendants Jet Express, Inc. and Kevin Parsley contending that the plaintiffs' complaint is legally insufficient as Kevin Parsley was not a trespasser as is required for the claim of civil trespass and he had no duty to avoid the power line as it was not in compliance with the applicable code. The defendants also assert a demurrer claiming that the plaintiffs utilized

an improper method of calculating damages as the proper measure of damages is the cost of repairs necessary to restore the property to its former condition.

The complaint avers the following facts: The plaintiff Innovative Construction, Inc. (hereinafter "Innovative Construction") is a Pennsylvania Corporation that owns a motel and restaurant, which is leased by plaintiff Caravan II Albergo, LLC, defendant Kevin Parsley is employed as a driver for defendant Jet Express, Inc. On December 13, 2012, defendant Parsley was operating a 2004 Blue International tractor-trailer, which was owned by defendant Jet Express. He was traveling to a Lowe's Home Improvement store when he mistakenly began driving on State Route 422, instead of State Route 224. He turned into the parking lot, owned by plaintiff Innovative Construction and utilized by the patrons and guests of the motel and restaurant in an attempt to rest. At that time, the vehicle owned by defendant Parsley collided with an electrical service line causing the same to be detached from the southwestern corner of a cement block building that was constructed between buildings owned by plaintiff Innovative Construction and Innovative Associates, Inc. Defendant Parsley informed Andrew Menichino, manager for the plaintiffs, concerning these events. Mr. Menichino then explained the same to Lieutenant Michael Mrozek of the Union Township Police Department. The police officer also spoke with defendant Parsley, who admitted to striking the electrical service line. Due to the collision, the electrical service line was pulled down and the bricks on the building were separated. The plaintiffs claim that due to that incident they sustained monetary damages to

the building and they are requesting the reasonable cost of repairs in the amount of $38,840.00 as stated in an estimate by James Hooks Property Management, which is attached to the plaintiffs' complaint.

As a result of this incident, the plaintiffs filed a complaint seeking damages for claims of civil trespass and negligence. In response, the defendants filed preliminary objections to plaintiffs' complaint asserting that the plaintiffs' complaint is legally insufficient as defendant Parsley was not a trespasser as is required by the claim of civil trespass and the plaintiff failed to plead a cause of action for negligence as defendant Parsley did not have a duty to avoid the electrical service line because it was not up to code. The defendants also claim that the complaint is legally insufficient as the plaintiffs utilized an improper measure of damages. The plaintiffs stipulated that there is no claim for civil trespass as the parking lot was to be utilized by the general public in accordance with their business. Therefore, the court grants the defendants' first preliminary objection and paragraph 13(f) of the plaintiffs' complaint is dismissed.

"A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient." *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008) (citing *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented. *Id.* "All material facts set forth in the pleading and all inferences

reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007) (citing *Cardenas, supra.*). A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing *McArdle v. Tronetti*, 426 Pa. Super. 607, 627 A.2d 1219, 1221 (1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. *R.W. v. Manzek*, 585 Pa. 335, 351, 888 A.2d 740, 749 (2005) (citations omitted). Fact-based defenses are irrelevant when ruling on a preliminary objection in the nature of a demurrer. *Werner v. Plater-Zyberk*, 799 A.2d 776, 783 (Pa. Super. 2002) (citing *Orner v. Mallick*, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987)). "A 'speaking demurrer' is defined as 'one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected, or in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of the pleading.'" *Regal Indus. Corp. v. Crum and Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005) (quoting Black's Law Dictionary 299 (6th ed. 1991)). The court is not permitted to consider a speaking demurrer in rendering its decision on preliminary objections. *Id.*

In order to establish a claim for negligence, a plaintiff must prove the following elements: "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal relationship between the breach and the resulting injury suffered by the plaintiff; and (4) actual

loss suffered by the plaintiff." *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1126 (Pa. Super. 2004) (citing *Burman v. Golay & Co., Inc.*, 420 Pa. Super. 209, 616 A.2d 657 (1992)). In a negligence action, the plaintiff must prove that the defendant owed the plaintiff a duty of care and that duty was breached. *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 655 (Pa. Super. 2002) (citing *Ney v. Axelrod*, 723 A.2d 719, 721 (Pa. Super. 1999)). The court must examine whether the defendant has an obligation for the benefit of that particular plaintiff and if that does not exist or had not been breached, there can be no cause of action for negligence. *Minnich v. Yost*, 817 A.2d 538, 541 (Pa. Super. 2003) (quoting *J.E.J. v. Tri-County Big Brothers/Big Sisters*, 692 A.2d 582, 584 (Pa. Super. 1997)). A plaintiff's negligence claim is legally insufficient if he or she fails to state facts upon which the law imposes a duty upon the defendant in favor of that plaintiff. *Boyce v. U.S. Steel Corp.*, 446 Pa. 226, 230,285 A.2d 459, 461 (1971) (citing *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959); *Neyman v. Soutter*, 205 Pa. Super. 8, 205 A.2d 685 (1964)). The existence of a duty is based upon a question of fairness, an inquiry which involves weighing the relationship of the parties, the nature of the risk and the public interest. *Campo v. St. Luke's Hosp.*, 755 A.2d 20, 24 (Pa. Super. 2000) (quoting *Brandjord v. Hopper*, 455 Pa. Super. 426, 429-431, 688 A.2d 721, 723 (1997)).

The defendants cite to 52 Pa. Code § 63.23, which states:

Overhead and underground public utility equipment or

facilities and crossings of the wires or cables of every public utility over or under the facilities of other public utilities, cooperative associations or electric utilities — including parallel or random installation of underground electric supply and communication conductors or cable — shall be constructed and maintained in accordance with safe and reasonable standards as set forth in the National Electrical Safety Code, 1981 edition.

The National Electrical Safety Code states that the clearance requirement for communication conductors and cables must be fifteen and a half feet over driveways, parking lots and alleys. Table 232-1 of the 2002 National Electric Safety Code.

The defendants state that the plaintiffs' complaint is devoid of any reference that the electrical service wires were constructed at a height in excess of fifteen and a half feet, which would comply with the 2002 National Electric Safety Code. In fact, the defendant asserts that the service wires had to be lower than the standard in the 2002 National Electric Safety Code as they were struck by the tractor trailer, which has a height of thirteen and a half feet. At oral argument, the plaintiffs stated that the wires were beyond the parking lot area and are not subject to the code sections cited by the defendants. However, the court cannot address the merits of the defendants' argument at this time as it assumes facts that are not averred in the plaintiffs' complaint. In its pleading, the plaintiffs merely assert that defendant Parsley was operating his tractor trailer in reverse in the plaintiffs' parking lot when he struck the electrical service line causing it to be pulled from the

existing southwest corner of a cement block building that was constructed between buildings owned by Innovative Construction and Innovative Associates, Inc. which resulted in damage to the plaintiffs' motel and restaurant. The complaint is devoid of any reference concerning the height and location of the service wire or the height of the tractor-trailer. As a result, those are factual issues to be addressed at a later stage of the proceedings after discovery has been completed. The plaintiffs' complaint is legally sufficient as it sets forth that defendant Parsley negligently struck the electrical service wire breaching his duty to avoid the same. Therefore, the defendants' preliminary objection in the nature of a demurrer regarding a failure to plead that defendant Parsley had a duty of care is overruled.

Next, the defendants claim that the plaintiffs failed to utilize the proper measure of damages when dealing with damage to property. The measure of damages in cases where the property has not totally lost its value is the cost of repairs. *Kirkbride v. Lisbon Contractors, Inc.*, 385 Pa. Super. 292, 298, 560 A.2d 809, 812 (1989) (citing *Rabe v. Shoenberger*, 213 Pa. 252, 62 A. 854 (1906); *Wade v. S.J. Groves & Sons Co.*, 283 Pa. Super. 464, 424 A.2d 902 (1981)). If the damages exceed the cost of the property then the damages are the value of the property. *Id.* If the damage is permanent then the damages are the decrease in market value of the property. *Id.* (citing *Bumbarger v. Walker*, 193 Pa. Super. 301, 164 A.2d 144 (1960)).

In the current matter, the plaintiffs have averred that the cost of repairing the electrical service wire is $38,840.00

as stated in an estimate provided by James Hooks property management that is attached to the complaint. The estimate indicates that the price quoted is the cost to repair the electrical service wire and there is no mention of returning the same to code. Again, the defendants have extrapolated that the estimated repair cost includes the expenses of returning the electrical service to code, but the court is not permitted to consider such evidence or arguments at this time as it is constrained to reviewing the plaintiffs' claims based upon the averments in the complaint. The plaintiffs have adequately averred in their complaint that they calculated their request for damages by stating the reasonable costs of repair to the electrical service wire in accordance with the applicable case law. Therefore, the defendants' preliminary objection in the nature of a demurrer concerning the plaintiffs' calculation of damages is overruled.

For the reasons set forth in this opinion, the defendants' preliminary objections are overruled. It is important to note that the plaintiffs have stipulated to withdraw their claim for civil trespass and, as a result, paragraph 13(f) of the plaintiffs' complaint is dismissed.

## ORDER OF COURT

Now this 17th day of March, 2014, this case being before the court on February 24, 2014, for oral argument on the preliminary objections filed by the defendants, with both parties appearing through their counsel, the plaintiffs Innovative Construction, Inc., a Pennsylvania Corporation and Caravan II Albergo. LLC represented through counsel, Carmen F. Lamancusa, Esquire and the

defendants Jet Express, Inc, and Kevin Parsley, represented through counsel, Jeffrey T. Criswell, Esquire and after consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. By stipulation of counsel, any claim for civil trespass is hereby withdrawn and the first preliminary objection to paragraph 13(f) is hereby sustained and paragraph 13(f) is stricken from the complaint.

2. In accordance with the attached opinion, the second preliminary objection being a demurrer to Count II — negligence and the third preliminary objection in the nature of a demurrer to the proper measure of damages are hereby overruled.

3. Defendant shall have thirty (30) days after receipt of this order of court to file a written answer to the complaint filed by the plaintiffs.

4. The prothonotary is directed to serve a copy of this order of court upon counsel of record, Carmen F. Lamancusa, Esquire and Jeffrey T. Criswell, Esquire.